Thomas Lee GRADY, Petitioner,

v.

IOWA STATE PENITENTIARY, Lou V. Brewer, Warden, Respondent.

Civ. No. 72–C–2022–C.

United States District Court,
N. D. Iowa, C. D.

Aug. 10, 1972.

MEMORANDUM AND ORDER

HANSON, District Judge.

■ This ruling is predicated upon a document submitted by Thomas Lee Grady, presently an inmate at the Iowa State Penitentiary at Fort Madison, Iowa. Grady seeks application for reduction of bond pending appeal of his criminal conviction before the Supreme Court of Iowa. This Court has no power to reduce appearance bond in actions before state courts.

■ Grady, however, asserts that his appeal bond is excessive, in violation of the Eighth Amendment to the Constitution of the United States. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); Pilkinton v. Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963). Because petitioner states he is illegally confined in the custody of Lou V. Brewer, Warden of the Iowa State Penitentiary, and because he alleges that he is being detained in violation of the Eighth Amendment, the Court must liberally construe the petition to be one for habeas corpus relief pursuant to 28 U.S.C., Section 2254.

■ Grady states that he has petitioned to the Supreme Court of Iowa twice for reduction of bail pending appeal and that his petition has been twice

denied. Although it is clear that a person in state custody has an Eighth Amendment right to fair and reasonable bail prior to his trial for a criminal offense, all authorities are in agreement that the Eighth Amendment does not give a right to bail pending appeal. United States ex rel. Siegel v. Follette, 290 F.Supp. 632 (S.D.N.Y.1968); United States ex rel. Fink v. Heyd, 287 F. Supp. 716 (E.D.La.1968); Iles v. Ellis, 264 F.Supp. 185 (S.D.Ind.1967); *See* In re Whitney, 421 F.2d 337 (1st Cir. 1970). One justification for this result is that since there is no constitutional right to appeal, there is no constitutional right to be free pending appeal. United States ex rel. Siegel v. Follette, 290 F.Supp. 635. Another equally convincing rationale is that the interests the state may protect at the appellate stage of the process are properly much broader than before trial. Since a conviction has been obtained, it is not unreasonable to use incarceration pending appeal to protect society against the possible commission of additional crimes by the appellant. There is no presumption of innocence in the appellate process, at least not in the same sense as that before criminal trial. *See* In re Whitney, *supra.* For these reasons the Court joins with other jurisdictions facing this issue in holding that the Eighth Amendment does not give a man convicted of a criminal offense the absolute right to bail pending appeal of his conviction.

Since Iowa does grant bail during the appeal of criminal matters in certain instances, however, Grady's petition raises the further question of whether bail was arbitrarily denied him. When a right is given by a state legislature, even though it is not a right protected by the Federal Constitution, the arbitrary denial of that right violates the Fourteenth Amendment. American Ry. Express v. Kentucky, 273 U.S. 269, 273, 47 S.Ct. 353, 71 L.Ed. 639 (1927); Rudder v. United States, 96 U.S.App.D. C. 329, 226 F.2d 51 (1955); Randolph v. Willis, 220 F.Supp. 355 (S.D.Cal.1963). The due process guarantee in this instance, however, prohibits only such things as the denial of opportunity to be heard, bias on the part of the decision maker, or wilfull misapplication of statutory standards for granting bail. United States ex rel. Siegel v. Follette, 290 F.Supp. at 635. Upon careful perusal of Grady's petition, the Court finds that he is merely attacking the discretionary judgment of the Supreme Court of Iowa in denying his bail reduction. Error in discretionary matters by the state court is not a violation of due process. Beck v. Washington, 369 U.S. 541–555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1961); American Ry. Express v. Kentucky, 273 U.S. 269, 273, 47 S.Ct. 353, 71 L.Ed. 639 (1927); Hughes v. Heinze, 268 F.2d 864, 869–870 (9th Cir. 1959); United States ex rel. Scarnato v. La-Vallee, 206 F.Supp. 365, 367 (N.D.N.Y. 1962), modified on other grounds, United States ex rel. Scarnato v. Fay, 347 F.2d 424 (2d Cir. 1965).

The Court concludes that Grady does not state a cause of action for habeas corpus relief or for any other relief this Court could grant.