STATE of Iowa, Appellee,

v.

Francis V. KELLOGG, Appellant.

No. 94–1819.

Supreme Court of Iowa.

July 19, 1995.

Rehearing Denied Sept. 15, 1995.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., and John Bernau, County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Defendant's appeal bond was set at $10,000 on each of two convictions of domestic abuse assault causing bodily injury. He appeals the denial of his application for reduction of the bond amount. He contends the amount is excessive and violates his statutory and constitutional rights. We affirm.

I. *Background.*

The State charged Francis Kellogg with two counts of domestic abuse assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of Iowa Code section 708.2A(2)(c) (1993). The charges stemmed from incidents in 1993 involving his long-time live-in companion. Approximately one year elapsed between the time of the incidents and the trial. During this period Kellogg provided an unsecured appearance bond and was released from custody. In addition, a no-contact order prohibiting contact between him and the victim was issued as a condition of his release. At trial Judge Walter Rothschild submitted the case to the jury on the lesser included offense of domestic abuse assault without intent to inflict serious injury but causing bodily injury, a serious misdemeanor. *See* Iowa Code § 708.2A(2)(b). The jury found Kellogg guilty on these charges.

The sentencing report prepared prior to Kellogg's sentencing revealed two 1989 assault convictions. In one of the assaults a shotgun was involved and the victim was the same person subject to the 1993 domestic abuse assaults. Kellogg also was convicted of second-degree murder for killing his wife in 1975 during a domestic dispute. *See State v. Kellogg,* 263 N.W.2d 539 (Iowa 1978). He served seven years of his sentence on the murder conviction before being paroled. The incidents underlying both these domestic abuse convictions and the murder conviction involved the use of alcohol.

The court entered judgment and sentenced Kellogg to the maximum sentence of two consecutive terms of incarceration not to exceed one year each. The court gave as reasons for imposing these sentences the facts of the offenses disclosed at trial, the prior second-degree murder conviction, and Kellogg's refusal to accept responsibility for his conduct. The court set appeal bond at $10,000 for each conviction and added conditions that included the continuation of the no-contact order.

Kellogg asserts he is indigent and unable to pay such a high bond amount. He claims his only source of income is $650 per month in social security disability benefits and that his only assets are a trailer house and an older vehicle. The court had granted his motion for court-appointed counsel.

He applied for reduction of his appeal bond, arguing it is unreasonably high, in violation of his Eighth Amendment rights and his statutory rights under Iowa Code sections 811.2 and 811.5. After a hearing, Judge Randal J. Nigg denied his motion, finding the bond amount reasonable based on all the circumstances that were noted by the sentencing judge and the facts developed at the bond hearing. It noted the sentencing judge's great concern for the safety of the victim and stated the bond reduction hearing did not ease the court's fear for her safety. The court found it apparent that Kellogg had violated the no-contact order while he was released pending trial, which it considered particularly significant in light of his prior murder conviction and his attitude as noted by the sentencing judge. Additionally, the court attached conditions to his release in the event he posts bond. The conditions are that he shall abstain from the use of alcoholic beverages and he shall not enter establishments whose primary source of income is from the sale of alcoholic beverages.

Kellogg appeals the denial of his motion to reduce bond and he challenges the court's imposition of the additional conditions relating to the use of alcohol.

II. *Scope of Review.*

When reviewing the amount of an appeal bond and its conditions, our review is for abuse of discretion. Iowa Code §§ 811.2 and 811.5; *see State v. Mussman,* 178

N.W.2d 319, 320 (Iowa 1970). To the extent Kellogg raises an Eighth Amendment constitutional issue, our review is de novo. *State v. Finnel,* 515 N.W.2d 41, 43 (Iowa 1994). To the extent he claims a violation of his statutory rights under the Iowa Code, our review is on error. *Id.;* Iowa R.App.P. 4.

### III. *Discretion in Setting Appeal Bond and Conditions.*

Kellogg argues that the bond amount is excessive and operates to discriminate against him because he is indigent. He asserts he is entitled to a lower bond amount because he does not present a risk of flight. He claims he has no prior history of failing to show up for court appearances. Kellogg also claims the no-contact order is sufficient to protect the safety of the victim, and therefore she needs no further protection.

■ Kellogg asserts an appeal bond totaling $20,000 on two convictions for serious misdemeanors violates his Eighth Amendment right that "[e]xcessive bail shall not be required." *See* U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. *Grady v. Iowa State Penitentiary,* 346 F.Supp. 681, 683 (N.D.Iowa 1972). A person has an Eighth Amendment right to a fair and reasonable bail before trial for a criminal offense. *Id.* However, common law did not recognize an absolute right to bond on appeal after a conviction, and neither the federal nor Iowa constitution guarantees such a right. *State v. Anderson,* 338 N.W.2d 372, 375 (Iowa 1983); *see also Grady,* 346 F.Supp. at 683 ("[A]ll authorities are in agreement that the Eighth Amendment does not give a right to bail pending appeal."); Michael A. DiSabatino, Annotation, *Right of Defendant in State Court to Bail Pending Appeal From Conviction—Modern Cases,* 28 A.L.R.4th 227, 233 (1984) (hereinafter DiSabatino).

■ Because Kellogg has no constitutional right to bail pending appeal, we must consider his statutory argument. Iowa Code section 811.5 provides that "upon appeal to the appellate court, the defendant must be admitted to bail." Kellogg argues the use of the word "must" gives him a statutory right to bond pending appeal. *See* Iowa Code

§ 4.1(30). Section 811.5 does provide for bail during certain criminal appeals, but the trial court also has discretion to impose conditions of release "which will reasonably assure the appearance of the person for trial or deferral of judgment and the safety of other persons." Iowa Code § 811.2(1). We will not reverse for abuse of discretion unless such discretion is exercised on grounds or for reasons "clearly untenable or to an extent clearly unreasonable." *Leonard v. State,* 461 N.W.2d 465, 469 (Iowa 1990).

■ In setting the conditions for Kellogg's release, the court was primarily concerned with the safety of his victim. Where courts have discretion in granting bail pending appeal, a factor for consideration is whether the defendant would pose a danger to others or to the community if released. DiSabatino, 28 A.L.R.4th 227, 290. Even when a defendant's Eighth Amendment right to pretrial release is at issue, the government's compelling interest in the public safety may outweigh that right, so long as the conditions of release are not "excessive" in light of the perceived evil. *United States v. Salerno,* 481 U.S. 739, 754, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697, 713 (1987).

■ The trial court did not abuse its discretion in setting appeal bond at a total of $20,000. Evidence at trial showed Kellogg engaged in a serious pattern of domestic abuse on his live-in companion. The victim testified Kellogg kicked her with the spurs on his cowboy boots after returning home from bars. The responding officer testified both Kellogg and the victim had been drinking heavily when he arrived at their residence. The victim's injuries included swelling around one eye, scratches down one arm, and bruises and abrasions covering virtually her entire legs. She was injured so severely that she appeared to be limping on both legs when she walked. Kellogg testified the victim fell off a chair head-first into a wall and that he was merely defending himself. He stated "maybe I did tap her arm or something." He told the responding officer that the victim had assaulted him, but he did not produce any evidence of injury.

The circumstances involved in Kellogg's crimes and his refusal to take responsibility for them are especially significant in light of his prior convictions for second-degree murder and assault. The circumstances of the offense charged and the defendant's record of convictions are both factors the court is to consider in determining the conditions of release. Iowa Code § 811.2(2). The fact that other factors, such as family ties and the defendant's record of appearance at court proceedings, might weigh in Kellogg's favor does not entitle him to a lower bond. The court may, in its discretion, give more weight to some factors than to others. *Cf. State v. Wright,* 340 N.W.2d 590, 593 (Iowa 1983) (sentencing).

 It is also within the discretion of the trial court to determine the no-contact order is not sufficient to protect the victim's safety. The court found Kellogg had violated the order. Taken together with his history of convictions, his violations of the no-contact order present a significant concern for the victim's safety.

Additionally, it was not an abuse of discretion to require Kellogg to abstain from the use of alcohol in the event he posts bond. The court is permitted to "[i]mpose any other conditions deemed reasonably necessary to assure ... the safety of another person or persons." Iowa Code § 811.2(1)(e). On at least two occasions Kellogg has resorted to violence against a domestic companion when under the influence of alcohol. It is reasonable for the court to be concerned that the use of alcohol while out on bond would increase the chances of his engaging in violent acts toward his victim again.

Kellogg argues that a $20,000 appeal bond discriminates against him because he is indigent. We have held it violates equal protection principles to sentence a defendant to jail time for failure to pay a fine he or she is unable to pay. *State v. Pinckney,* 306 N.W.2d 726, 731 (Iowa 1981). The present situation is different, however, because Kellogg's indigency affects his opportunity to delay execution of his sentence, not his right to receive the sentence imposed by the court. *See State v. Lipke,* 186 Wis.2d 358, 521 N.W.2d 444, 447 (App.1984). Also, the fact Kellogg is indigent does not preclude the court from considering other factors such as the safety of the victim in determining the conditions of his release pending appeal. *See id.* 521 N.W.2d at 448. The public has an interest in promoting the victim's safety, and that concern is independent of Kellogg's financial status.

Kellogg further asserts the proper amount of bond in this case would be $650 for each count, for a total of $1300. He cites our Supreme Court Supervisory Order—In The Matter of Uniform Bond Schedules (filed April 30, 1991) in support of this proposition. The Supervisory Order, however, recommends bond amounts to be used in setting conditions of defendants' *pretrial* release. It has no application to bond set for a convicted defendant while appeal is pending.

Because we find the trial court did not abuse its discretion, we affirm the conditions of release set by the court.

**AFFIRMED.**