**STATE of Iowa, Appellee,**

v.

**Solomon S. STRADT, Appellant.**

No. 95–1867.

Supreme Court of Iowa.

Nov. 20, 1996.

Linda Del Gallo, State Appellate Defender, and Sharon R. Stevens and John M. Priester, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Raines, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

Defendant Solomon S. Stradt appeals a district court order revoking his appeal bond. Because the court erroneously applied Iowa Code section 812.1 (1995) to circumstances governed by Iowa Code section 811.7, we reverse.

The facts are not disputed. In June 1995, Stradt was convicted and sentenced for first-degree theft and third-degree burglary. He was released pending appeal after posting a $30,000 bond. *See* Iowa Code § 811.5. While out on bond, Stradt had further run-ins with the law. He twice failed to appear for misdemeanor hearings, and a warrant was issued for his arrest. When police attempted to execute the warrant, Stradt successfully eluded them in a high-speed chase through a residential neighborhood. Two days later, relying on an anonymous tip, the police set

up surveillance at the house where Stradt was reportedly staying. When Stradt left the residence, he was taken into custody without incident. He was charged with several traffic violations and other misdemeanor offenses.

Rather than detaining Stradt on the new charges, the State filed an application to revoke Stradt's appeal bond on the burglary and theft convictions. Stradt resisted, claiming irregularity in the procedure. The court rejected Stradt's argument, and this appeal by Stradt followed.

Based on the record sketched above, the district court found clear and convincing proof that Stradt's continued release "while his case is on appeal is likely to pose a danger to other people." In forming this conclusion, the court drew on Iowa Code chapter 812, entitled "Confinement of Mentally Ill or Dangerous Persons." The question on appeal is whether the court erroneously used section 812.1 to circumvent the "recommitment after bail" criteria of Iowa Code section 811.7. To permit the court to do so, Stradt claims, not only misinterprets the purpose of chapter 812, but violates constitutional norms involving vagueness, overbreadth, and due process. The State counters that either statutory vehicle will suffice to keep Stradt from endangering others while free on bail.

■ I. We review an appellant's challenge to the interpretation of a statute for errors at law. *State v. Murray,* 539 N.W.2d 368, 369 (Iowa 1995). To the extent the appellant's challenge is constitutional in nature, our review is de novo. *State v. Finnel,* 515 N.W.2d 41, 43 (Iowa 1994). Courts are obliged, however, to avoid constitutional questions when the merits of a case may be fairly decided without addressing them. *State v. Trucke,* 410 N.W.2d 242, 243 (Iowa 1987); *Moorman Mfg. Co. v. Bair,* 254 N.W.2d 737, 749 (Iowa 1977), *aff'd,* 437 U.S. 267, 98 S.Ct. 2340, 57 L.Ed.2d 197 (1978).

■ II. A defendant's right to release on bond pending appeal is statutory, not constitutional. *See State v. Kellogg,* 534 N.W.2d 431, 434 (Iowa 1995); *State v. Anderson,* 338 N.W.2d 372, 375 (Iowa 1983). In Iowa bail is

the rule, detention the exception. But for a limited class of convictions involving forcible felonies and other serious crimes, *see* Iowa Code § 811.1, a defendant pursuing an appeal

> *must* be admitted to bail ... upon the undertaking of bail that the defendant will surrender in execution of the judgment and direction of the appellate court, and in all respects abide the orders and judgment of the appellate court upon the appeal.

Iowa Code § 811.5 (emphasis added). In lieu of bail, the court may permit release of even a convicted person under the more favorable conditions of section 811.2(1) unless "such a release will not reasonably assure the appearance of the defendant as required or that release will jeopardize the personal safety of another person or persons." *See* Iowa Code § 811.5 (incorporating release on personal recognizance or unsecured appearance bond provisions following conviction and pending appeal); *see also Kellogg,* 534 N.W.2d at 434 (court's concern for victim's safety a legitimate consideration when granting bail on appeal).

Once a defendant is released pursuant to chapter 811, failure to appear as required will result in forfeiture of the bail posted. Iowa Code § 811.6. Arrest and recommitment to jail may follow if one of three conditions is proven: (1) the defendant has failed to appear as required, (2) the defendant has violated a condition of release, or (3) the original bond posted or money deposited is insufficient for the crime charged. Iowa Code § 811.7(1). Upon arrest, the defendant is still entitled to be admitted to bail unless the required appearance is for surrender to judgment upon conviction. In that case, "the defendant must be committed according to the requirements of the order." Iowa Code § 811.7(3).

■ With this statutory framework in mind, we turn to the record before us. Stradt, who was required to post a substantial surety bond, evidently failed to satisfy the conditions warranting more lenient release terms under section 811.5. His release on a $30,000 appeal bond, however, was subject to no other conditions but his surrender and execution of the judgment upon direction

of the appellate court. *Cf. Kellogg,* 534 N.W.2d at 433 (affirming $10,000 appeal bond that continued no-contact order and required defendant to refrain from alcohol). No appellate action requiring Stradt's surrender had yet been rendered when the events before us unfolded.

We conclude under these facts that the court was not authorized by section 811.7 to recommit Stradt to jail. Neither of the statutory recommitment criteria—failure to appear "as required" or violation of a condition of release—were met. *See* Iowa Code § 811.7. Stradt had indeed failed to appear on *other* charges, but not those for which he had posted the bond now at issue. No conditions attached to the bond otherwise limited his liberty.

■ Given these facts, the State searched for another vehicle to yank Stradt off the streets pending appeal. It tendered proof that Stradt posed a danger to citizens and police officers through high speed chases and simple assaults. Having heard this evidence, the court focused its judgment on Iowa Code section 812.1, which provides:

> When a person is awaiting sentence after conviction of a felony or following sentence of confinement is pursuing an appeal in such case, and the person would be otherwise eligible for release under chapter 811, but it appears by clear and convincing evidence that if released the person is likely to pose a danger to another person or to the property of others, such person may be detained under the authority of this chapter.

This court has not previously had the occasion to interpret or apply section 812.1. At least two prior decisions have implied that chapter 812 governs detention of seriously mentally ill persons who have been convicted of a felony. *See In re Oseing,* 296 N.W.2d 797, 799 (Iowa 1980); *see also Jones v. State,* 479 N.W.2d 265, 268 (Iowa 1991) (chapter 812 pertains to mentally ill persons involved in criminal proceedings, not postconviction proceedings). Our duty is to construe section 812.1, not in isolation, but in conformity with the overall statutory scheme of which it is a part. *In re B.B.,* 516 N.W.2d 874, 878 (Iowa 1994); *H & Z Vending v. Iowa Dep't of Inspections & Appeals,* 511 N.W.2d 397, 398 (Iowa 1994).

We note at the outset that the language of section 812.1 speaks of a future event. Use of the phrase "if released" suggests application to a person who is not yet released but who "would be otherwise eligible" for treatment in accordance with the customary bail rules of chapter 811 but for factors implicating chapter 812. On its face the statute seems inapplicable to Stradt, a person not only eligible for but exercising his right to release under chapter 811.

We are mindful, however, that conditions bearing on suitability for release may change over time. Assuming a defendant once deemed eligible for release may forfeit that status, the question becomes "under what circumstances does section 812.1 apply?" To answer that question, we must consider the statute in context. Chapter 812 as a whole pertains to persons whose mental competency is questioned during, or after, prosecution and conviction for crime. For example, hearings conducted pursuant to section 812.1 are required to be private, with ultimate findings cloaked in confidentiality. Iowa Code § 812.2(6). Section 812.3, captioned "Mental incompetency of the accused," authorizes the suspension of proceedings against a defendant "suffering from a mental disorder." The next section, 812.4, directs the court with respect to action which may be taken until the "accused's capacity is restored." Finally, section 812.5 governs the court's conduct upon restoration of the defendant's mental capacity.

As the State rightly notes, the legislature used the term "danger" in section 812.1 to describe the sort of person subject to its mandate. When considered in the context of the entire statutory scheme, however, it appears plain to us that the "dangerousness" contemplated by section 812.1 is not of the same type or quality displayed here by Stradt. The State offered no evidence concerning his mental competency. Although the record reveals that Stradt's propensity toward crime, petty and major, may make him something of a danger to the community, so it is with all criminals released on bond.

The misdemeanors and traffic violations with which Stradt was charged do not add up to "dangerousness" sufficient to outweigh the statutory presumption favoring bail on appeal. *See* Iowa Code § 811.5. The remedy for continuing misbehavior is not to revoke an unconditional bail bond whose terms have been wholly met. The answer is to jail Stradt for the additional crimes he has committed.

We conclude that the record does not support recommitment of Stradt for violating his appeal bond under Iowa Code section 811.7. We hold the alternative statute upon which the court relied, section 812.1, simply has no application to the facts of this case. Accordingly, we reverse the judgment of the district court and remand for an order reinstating Stradt's bond pending decision on appeal.

**REVERSED AND REMANDED.**