**STATE of Iowa, Appellee,**

v.

**Robert Paul FORMARO, Appellant.**

No. 00–1082.

Supreme Court of Iowa.

Jan. 24, 2002.

Alfredo Parrish and Tammy Westhoff of Parrish, Kruidenier, Moss, Dunn & Montgomery, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan Horvat and James Ward, Assistant County Attorneys, for appellee.

CADY, Justice.

This is an appeal by Robert Formaro from a judgment and sentence for burglary in the second degree. He contends the district court relied upon unprosecuted and unproven charges in imposing the sentence and abused its discretion by failing to suspend the sentence of incarceration or grant a deferred judgment. Formaro further claims the appeal bond set by the district court in the sentencing order was excessive, and the district court lacked jurisdiction to later increase the amount of the appeal bond in response to an application for review of the bond filed by the State after the appeal was perfected. We transferred the case to the court of appeals. It affirmed the sentence imposed by the district court, as well as the original appeal bond, but vacated the decision by the district court to increase the bond. We granted further review sought by Formaro and the State. We affirm the sentencing order of the district court and further conclude the district court had jurisdiction to consider the request to review the appeal bond following the appeal, and that Formaro failed to perfect a separate

appeal from the order by the district court to increase the appeal bond.

## I. Background Facts and Proceedings.

During the evening hours of December 15, 1999, six men forcibly entered an apartment of a woman on the east side of Des Moines. The men ostensibly went to the apartment to collect a drug debt. One of the men was armed with a pistol. After entering, the men began to remove various items of property from the apartment, and they forced the woman to disrobe in their presence. Two of the men sexually abused the woman in her bedroom. The woman called the police after the men left her apartment, and they were eventually arrested. One of the men arrested was Robert Formaro.

Formaro was seventeen years old at the time and was a senior in high school. He was charged with burglary in the first degree. His participation in the crime was more limited than the other men. Formaro was present when access was gained to the apartment, but he left and returned to a car parked near the apartment building after one of the men brandished the pistol. He did not participate in the sexual abuse.

On April 11, 2000, Formaro pled guilty to the amended charge of burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5 (1999). Sentence was delayed until June 29, 2000. Formaro graduated from high school prior to the sentencing hearing, and was employed. Formaro was very proficient with computers, and excelled in mathematics.

A psychiatric evaluation revealed Formaro had been sexually abused as a child over a period of several years by a cousin. He was also diagnosed with an attention deficit disorder. The examiner felt Formaro had made substantial gains since his arrest, and was not a high risk to re-offend.

The presentence investigation report recommended Formaro receive a suspended sentence. It stated he was an appropriate candidate for a deferred judgment except for the seriousness of the offense. The report also revealed Formaro, when he was fifteen years old, sexually abused a young boy he was babysitting. Formaro was placed on juvenile probation for the crime, and successfully completed counseling and treatment.

The district court denied Formaro's request for a deferred judgment and sentenced him to an indeterminate term of incarceration not to exceed ten years. It set an appeal bond of $50,000. The court specifically indicated the appeal bond was to be paid in cash.

Formaro filed a notice of appeal on June 29, 2000, shortly after the sentencing hearing. He also requested a reduction of the appeal bond. The court held a hearing on the request to reduce the appeal bond on June 30, 2000, and denied the request. Formaro subsequently posted the appeal bond, and was released.

On July 11, 2000, the State filed an application to review the appeal bond. The application alleged that on July 5, 2000, an investigator for the Des Moines Police Department, posing as a thirteen-year-old boy, entered a chat room on the Internet called "Iowa M4M." The investigator received a message while in the chat room from a person using the identity "Good Lickin Male." During the chat room conversation, the person provided personal background information and eventually inquired about engaging in sex. The person also emailed his picture to the police investigator. The police identified the person as Formaro. The Internet conversation continued the next day, when arrangements were made to meet. The

following day, the police investigator observed Formaro arriving at the fair grounds at the designated meeting time and place.

Based on this information, the State requested the appeal bond be revoked or that additional conditions be imposed. Formaro asserted the district court had no jurisdiction to hear the application to review the appeal bond. He claimed the district court lost jurisdiction over the case once the notice of appeal was filed. He also claimed the issues he intended to present on appeal included the excessive amount of the appeal bond.

The district court held a hearing on the application to review the bond, and received testimony from the police investigator who conversed with Formaro on the Internet and later observed him at the fair grounds. The district court increased the appeal bond to $100,000, and imposed additional restrictions and conditions on his release pending the appeal. Formaro did not file a separate notice of appeal from this order.

On appeal, Formaro claimed the district court abused its discretion by failing to suspend the sentence or grant a deferred judgment. He also claimed the district court improperly considered the sexual abuse incident involved in the burglary offense. Formaro further claimed the district court had no jurisdiction to hear the State's application to review the appeal bond. Finally, Formaro claimed the district court abused its discretion by imposing the $50,000 appeal bond at the time of sentencing.

We transferred the case to the court of appeals. It affirmed the sentence of the district court, as well as the imposition of the $50,000 appeal bond. It further determined the district court had no jurisdiction to address the merits of the State's application to review the appeal bond after the appeal was perfected. It vacated the order imposing the $100,000 appeal bond, and reinstated the bond of $50,000. We granted further review.

## II. Standard of Review.

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R.App. P. 4; *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Witham*, 583 N.W.2d at 678. Similarly, we review the amount and conditions of an appeal bond for an abuse of discretion. *State v. Kellogg*, 534 N.W.2d 431, 433 (Iowa 1995). Questions of jurisdiction are also reviewed for correction of errors at law. *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995).

## III. Sentence.

We begin our analysis of the challenge to the sentence in this case by observing that the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. *See* Iowa Code § 901.5. It is

equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. *See State v. August,* 589 N.W.2d 740, 744 (Iowa 1999). Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing. *Pappas,* 337 N.W.2d at 493 (identifying factors listed in section 907.5 (standards for release on probation)). The application of these goals and factors to an individual case, of course, will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process.

■ Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. *See id.* at 493–94. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review. *See State v. Gartin,* 271 N.W.2d 902, 910 (Iowa 1978). Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds. *See id.*

■ It is clear that the district court in this case would have been justified in granting probation to Formaro. However, it is equally clear under our standard of review that the district court was justified in imposing incarceration. Formaro committed a very serious criminal offense. Additionally, he committed the offense only a short time after completing probation for a very serious juvenile offense. Based on these factors, the sentence imposed by the district court cannot be considered unreasonable. The sentence imposed conforms to the goals of the sentencing process, and was not based on reasons that were untenable.

■ Notwithstanding, Formaro argues that the district court considered the sexual abuse charge brought against the other men involved in the burglary in sentencing him. It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses. *State v. Black,* 324 N.W.2d 313, 315–16 (Iowa 1982). If a district court improperly considers unprosecuted and unproven additional charges, we will remand the case for resentencing. *Id.* at 315.

■ In stating the reasons for the sentence imposed in this case, the district court told Formaro probation posed a risk "given the history that you have here...." Formaro asserts the "history" referred to by the district court was the sexual abuse incident which occurred during the course of the burglary. However, the implication Formaro attempts to draw has no support in the record. We will not draw an inference of improper sentencing considerations which are not apparent from the record. Furthermore, the district court clarified any confusion during the sentencing hear-

ing in response to a specific objection by counsel for Formaro. The district court emphasized that Formaro was sentenced only for his conduct in the burglary conviction.

The district court did not consider any improper factors in imposing sentence. Furthermore, the district court did not abuse its discretion. Thus, we will not disturb the sentence imposed on Formaro by the district court.

## IV. Appeal Bond.

▮ The primary purpose of imposing conditions or restrictions on bail following the appeal of a bailable offense is to assure the future appearance of the defendant upon completion of the appeal and to provide for the safety of others during the course of the appeal. *See Kellogg*, 534 N.W.2d at 434 (citing Iowa Code section 811.2(1)). Courts have discretion to set the amount and conditions of an appeal bond consistent with this purpose. *See id.* at 433.

District courts are permitted to consider a variety of factors in setting the amount and conditions of an appeal bond. *See id.* at 434–35; *see generally* Michael A. DiSabatino, Annotation, *Right of Defendant in State Court to Bail Pending Appeal From Conviction—Modern Cases*, 28 A.L.R.4th 227, 281–316 (1984) (particular factors considered by courts in exercising discretion). These factors include the seriousness of the offense and the defendant's prior record. *Kellogg*, 534 N.W.2d at 435.

▮ In this case, the same reasons that motivated the district court to impose a sentence of incarceration also support the reasonableness of a $50,000 cash appeal bond. Although the amount of the bond was high, particularly in light of the condition that it would be paid in cash, we cannot conclude the bond was excessive to the point of constituting an abuse of dis-

cretion. The two main circumstances in this case relied upon by the district court in refusing to suspend the sentence of incarceration—seriousness of the offense and commission of the offense shortly after completing a term of probation—give rise to concerns for the safety of others if the defendant is released pending the appeal. Although there was ample evidence to suggest Formaro was not a risk to others, the district court was permitted to give more weight to some factors than to others in determining the conditions of bail. *Id.*

## V. Jurisdiction of District Court to Review Bail.

▮ As a general rule, a district court loses jurisdiction of the merits of a controversy once an appeal is perfected. *State v. Brooks*, 630 N.W.2d 815, 818 (Iowa 2001); *Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 658 (Iowa 1995). An exception to this rule, however, permits the district court to retain jurisdiction over disputes that are collateral to the subject matter of the appeal. *Id.* This exception exists to expedite the resolution of disputes in cases where collateral matters commonly surface during appeals. *Shedlock*, 534 N.W.2d at 658. It also allows a district court to address fluid and changing conditions that can arise in cases following the entry of a judgment, and to resolve matters outside the issues on appeal. *See In re B.L.*, 470 N.W.2d 343, 347 (Iowa 1991). Although we have previously addressed the issue of the imposition of terms of bail on appeal by the district court, we have never specifically examined the jurisdiction of the district court to review the terms of bail following the notice of appeal. In this case, we must determine if the district court retained jurisdiction of the issue of bail following the appeal.

▮ The right of a defendant to be admitted to bail following a judgment and

sentence in certain criminal cases is strictly statutory. *See State v. Stradt*, 556 N.W.2d 149, 150 (Iowa 1996); *see also* Iowa Code § 811.1 (bail on appeal is not permitted for certain criminal cases). In Iowa, all bailable defendants must be admitted to bail "[a]fter conviction, upon appeal to the appellate court...." Iowa Code § 811.5. Thus, the statute contemplates that a defendant is admitted to bail only after taking an appeal. *See State v. Jackson*, 488 N.W.2d 701, 704 (Iowa 1992). This is consistent with the purpose of bail on appeal, which is to suspend the execution of the judgment and maintain the status quo pending appellate review. *Orr v. Jackson*, 149 Iowa 641, 643, 128 N.W. 958, 960 (1910). If no appeal is taken, the judgment and sentence of the court controls, and the issue of bail never arises.

Our statutory scheme for bail on appeal clearly reveals that bail is triggered by the filing of a notice of appeal. *See* Iowa Code § 811.5. Thus, the statute contemplates that bail for the purpose of an appeal is a stand-alone issue. It is separate and independent from the underlying judgment and sentence entered by the court. The statute further reveals that the intent of our legislature was to make bail following conviction collateral to the merits of any issues raised on appeal from the judgment and sentence, and to authorize the district court to consider motions and applications regarding the bail during the appeal. *See B.L.*, 470 N.W.2d at 347 (juvenile code reveals the legislative intent for juvenile court to maintain jurisdiction during pendency of appeal to entertain child's request for status report and review hearing).

 We recognize, as in this case, that the terms and conditions of bail are normally contained in a judgment and sentence entered prior to the filing of any appeal. Thus, a subsequent notice of appeal from such a judgment and sentence by the district court would permit a defendant to assert a challenge on appeal to the terms and conditions of bail set forth in the judgment. Notice of appeal from a judgment permits the appealing party to raise all issues properly preserved. *See Iowa Dep't of Human Servs. ex rel. Greenhaw v. Stewart*, 579 N.W.2d 321, 323 (Iowa 1998).

 Nevertheless, we recognize that rulings on collateral or independent issues after final judgment are separately appealable as final judgments. *Bd. of Water Works Trs. v. City of Des Moines*, 469 N.W.2d 700, 702 (Iowa 1991). Thus, when a court addresses the issue of bail following the entry of a judgment and sentence, any appeal from a ruling on the issue must be separately appealed. A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court.

 We conclude the district court had jurisdiction to rule on the application to review the appeal bond after Formaro filed his notice of appeal from the final judgment and sentence of the district court. However, Formaro never filed a separate notice of appeal from the ruling on the application to review bond. Accordingly, the issue of the additional terms imposed on the bail is not properly before us on this appeal.

## VI. Conclusion.

We conclude the district court properly imposed the sentence in this case. We further conclude the district court did not abuse its discretion in setting the appeal bond in the amount of $50,000. The issue of the court's decision to increase the appeal bond during the pendency of the appeal is not properly before us.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except LAVORATO, C.J. and STREIT, J., who take no part.