# IN THE COURT OF APPEALS OF IOWA

No. 16-0698
Filed October 26, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HEATH ADAM WOODS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Heath Woods appeals his conviction and sentence after pleading guilty to assault while displaying a dangerous weapon. **AFFIRMED.**

Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Heath Woods appeals his conviction and sentence after pleading guilty to assault while displaying a dangerous weapon.  He argues his trial counsel was ineffective and the district court abused its discretion in setting the amount of his appeal bond.  We affirm Woods's conviction, preserving his ineffective-assistance claim for a postconviction proceeding to allow the record to be further developed, and we affirm the conditions of release set by the court.

### I. Background.

The State charged Woods with willful injury causing serious injury, attempted murder, and assault while displaying a dangerous weapon.  Four days before trial was scheduled to begin, Woods deposed two State witnesses[1] and determined their testimony could potentially be "very detrimental" if his case proceeded to trial.  Woods negotiated with the State to plead guilty to assault while displaying a dangerous weapon and to a pending charge in another case in exchange for dismissal of the remaining charges against him.  Pursuant to the agreement, the court sentenced Woods to concurrent two-year prison terms.

### II. Ineffective Assistance of Counsel.

On direct appeal, Woods argues his trial counsel was ineffective for failing to move for a continuance of the trial based upon the State's failure to make two witnesses available for depositions earlier.  He claims the discovery of their testimony on the eve of trial placed undue pressure on him to plead guilty and, therefore, his guilty plea was not knowing and voluntary.  He argues his trial counsel was ineffective in failing to file a motion in arrest of judgment on this

---

[1] Woods had attempted to depose these witnesses on earlier occasions without success.

basis. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006) (noting that failure to file a motion in arrest of judgment will ordinarily bar direct appeal of a defendant's guilty plea unless that failure resulted from ineffective assistance of trial counsel). We review these claims de novo. *See id.* at 133.

To succeed on an ineffective-assistance claim, a defendant must show counsel failed to perform an essential duty and that failure resulted in prejudice. *See id.* "If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty." *See id.* To prove prejudice, Woods must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See id.* at 138.

Only in rare cases is the trial record adequate to resolve an ineffective-assistance claim on direct appeal. *See id.* at 133, 138. If the record needs further development to resolve an ineffective-assistance claim, we preserve the claim for a postconviction proceeding. *See id.* at 138. Because the record here does not disclose all the circumstances as to why Woods pled guilty, we must preserve his claims for a possible postconviction proceeding.

### III. Appeal Bond.

Woods also challenges the amount of his appeal bond. The purpose of an appeal bond is to assure a defendant's appearance following completion of an appeal and "to provide for the safety of others during the course of the appeal." *State v. Formaro*, 638 N.W.2d 720, 726 (Iowa 2002). It is within the court's discretion to set the amount of an appeal bond consistent with this purpose. *See*

*id.* In doing so, the court may consider a variety of factors, including the seriousness of the offense and the defendant's prior record. *See id.*

Woods argues that the $5000 appeal bond required here "is more in line with a felony bond than an aggravated misdemeanor bond, according to the Supreme Court's Uniform Bond Schedule." Our supreme court has already rejected a similar argument, holding the uniform bond schedule only recommends bond amounts relating to a defendant's pretrial release and "has no application to bond set for a convicted defendant while appeal is pending." *State v. Kellogg*, 534 N.W.2d 431, 435 (Iowa 1995) (holding the trial court did not abuse its discretion in setting a $20,000 appeal bond when the amount recommended in the uniform bond schedule would have been $1300). Because Woods has failed to show the court abused its discretion in setting the amount of his appeal bond at $5000, we affirm the conditions of release set by the court.

**AFFIRMED.**