# IN THE COURT OF APPEALS OF IOWA

No. 17-1763
Filed June 20, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL RICHARD BROWN, JR.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.


        Michael Brown appeals the sentences imposed following his guilty pleas to two counts of driving while barred. **AFFIRMED.**


        Nathan A. Olson of Branstad Law, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Michael Brown was charged with two counts of driving while barred. A plea agreement was reached under which Brown would enter guilty pleas to both charges in return for the State's recommendation that he be sentenced to 135 days[1] of incarceration on each charge, to be served concurrently. After being advised of the rights he was giving up by entering a guilty plea and acknowledging the court was not required to abide by the terms of the plea agreement, Brown pled guilty and requested immediate sentencing. The court inquired into Brown's criminal history, upon which the State apprised the court of Brown's prior convictions[2] and advised Brown was currently on parole for three 2016 convictions, having had his probation for those convictions revoked for violating the terms of his probation three days after being placed thereon. Brown admitted to all of the convictions and requested he be sentenced to "185 days in jail," as it would give him "time to really think about what [he is] doing."

The court stated:

> . . . I find that based on your criminal history, you are a danger to society.
> You continue to drive. You're on parole. And you continue to drive.
> You have not taken any steps to change your criminal behavior.
> . . . .

---

[1] The record indicates this would have been the term of incarceration remaining after Brown's receipt of credit for time served.

[2] The prior convictions included: first-degree theft and second-degree burglary in 1981; disorderly conduct and possession of cocaine with intent to deliver in 1989; possession of a controlled substance in 1993; possession of a controlled substance in 1996; two counts of driving while barred in 2001; disorderly conduct and third-degree harassment in 2002; domestic-abuse assault in 2003; aggravated eluding and first-degree harassment in 2004; driving while barred in 2006; a felony controlled-substance violation in 2008; eluding, driving while barred, and operating while intoxicated in 2012; and driving while barred and two counts of operating while intoxicated in 2016.

. . . [Y]ou're on parole for the same charge you've now pled guilty to.

I don't know what you don't understand about the fact that you can't drive—

. . . .

But this is ridiculous. This is your seventh driving while barred, all totaled. And your other criminal history is terrible too.

. . . .

So for those reasons, it's going to be the order of the Court you should pay a fine of $625 on each one. Your fine is suspended due to your incarceration.

. . . .

You're incarcerated for a period of two years on each charge.

. . . .

These sentences will run consecutive to each other for a total of four years.

Brown vehemently objected to the sentence imposed and the court's deviation from the terms of the plea agreement.

In its subsequent sentencing order, the court noted its consideration of the nature and circumstances of the crime, protection of the public from further offenses, Brown's criminal history and propensity for further criminal acts, and the maximum opportunity for rehabilitation. The court also expressly noted it "rejected the plea agreement" because Brown "is currently on parole for" driving while barred, "has an extensive criminal history," and "already owes the State of Iowa over $23,000 in delinquent financial obligations on these matters." The court also noted it denied probation "based on the sentencing considerations set out above."

Brown appeals, contending the district court unconstitutionally considered his delinquent financial obligations in sentencing and abused its discretion in refusing to consider all potential sentencing options. We review challenges to a sentence on constitutional grounds de novo. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). Challenges to a sentence that falls within the statutory limits are

reviewed for an abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).

Brown cites *State v. Pinckney* as support for his constitutional challenge. *See* 306 N.W.2d 726, 731 (Iowa 1981). In that case, the supreme court found unconstitutional a district court order requiring a defendant to serve one day in jail for every ten dollars he failed to pay of the $5000 fine imposed. *Id.* The court found this to be an equal-protection violation because it would "create two classes of convicted defendants indistinguishable from each other except that one is able to pay the fine and can avoid imprisonment, and the second cannot satisfy the fine and therefore cannot escape imprisonment." *See id.* (quoting *State v. Snyder*, 203 N.W.2d 280, 287 (Iowa 1972)).

This case is obviously distinguishable from *Pinckney*. Pinckney's sentence was unconstitutional because he was subjected to potential imprisonment *solely* because of his indigency. *See id.* Here, Brown was sentenced to a term of incarceration for numerous reasons independent of his financial status—the circumstances of the crime, community protection, Brown's criminal history and propensity for further criminal acts, the maximum opportunity for rehabilitation, and Brown's express request for a jail sentence so he could have "time to really think about what [he is] doing." *Cf. State v. Kellogg*, 534 N.W.2d 431, 435 (Iowa 1995) (distinguishing *Pinckney* and noting the fact that a defendant "is indigent does not preclude the court from considering other factors" and such other factors may be independent of the defendant's financial status). Further, the record reveals the court viewed Brown's failure to pay his obligations as further evidence that Brown has no respect for the law or legal system in general and has no desire to change

his ways. This case is not like *Pinckney*, where the defendant was ordered to serve jail time if he could not pay the fine imposed. *See* 306 N.W.2d at 731. Here, the court ordered two two-year terms of incarceration, imposed fines, and suspended the fines. Upon our de novo review, we conclude the sentence imposed is not in violation of equal protection.

Next, Brown contends the district court abused its discretion in sentencing. Brown agrees his sentence was within statutory limits. As such, the sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Brown specifically contends the district court failed to consider all sentencing options, and only considered those options which involved incarceration. Although the district court rejected the plea agreement and sentenced Brown to two years of incarceration on each count, the plea agreement expressly called for a term of incarceration—considering anything less than jail time was not a requirement on the part of the district court. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983) ("[T]he plea agreement contemplated that the defendant would be imprisoned for the offense. The court approved the plea agreement and incorporated it in the sentence. The sentence was therefore not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement."). Brown cannot be heard on appeal to complain about the court declining to consider anything less than a term of imprisonment. *See,*

*e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same); *State v. Campbell*, No. 16-0550, 2017 WL 2464070, at *9 (Iowa Ct. App. June 7, 2017) (same). In any event, we conclude the court's rejection of the plea agreement and the ultimate sentence imposed was wholly appropriate and not the product of an abuse of discretion on the part of the district court.

Finding no constitutional infirmity or abuse of discretion in relation to Brown's sentence, we affirm.

**AFFIRMED.**