# IN THE COURT OF APPEALS OF IOWA

No. 22-1507
Filed October 11, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACOB LEE GOBLE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Shawn R. Showers, Judge.


A defendant appeals the sentence imposed following a guilty plea. **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke and Anagha Dixit, Assistant Attorneys General, for appellee.


Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

On April 26, 2022, Jacob Goble pled guilty to possession of a controlled substance, third offense, in violation of Iowa Code section 124.401(5) (2021). Goble admitted to knowingly and intentionally possessing methamphetamine. At sentencing, Goble argued for a suspended sentence. The district court, in line with the State's recommendation and the presentence investigation report (PSI), sentenced Goble to a period of incarceration, not to exceed five years.

Goble now appeals, claiming the district court abused its discretion by considering an improper factor when imposing the sentence. Goble highlights a statement made by the district court judge during the sentencing hearing: "It's a five-year sentence and it's a drug charge, so you're not going to do a lot of time, but you will be paroled at some point and you're going to have to make a decision at that point." Goble claims the district court improperly considered the timing of parole as a factor when imposing the sentence.

"We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentencing court weighs multiple factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 725. Before imposing its sentence, "the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Id.* A "sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* Goble "must

overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor." *See State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).

Goble failed to demonstrate that the court relied on an improper factor at sentencing. Pronouncing that a defendant's term of incarceration may be reduced by earned time or that the defendant may be eligible for parole is required by statute. Iowa Code § 901.5(9)(a)-(b). "Sentencing courts are not prohibited from referring to the possible effects of parole practices on the time that a defendant will actually serve." *State v. Jason*, No. 14-1162, 2015 WL 6510334, at *12 (Iowa Ct. App. Oct. 28, 2015). The district court did not improperly consider Goble's parole eligibility when formulating Goble's sentence. We determine there was not an abuse of discretion by the district court and affirm.

**AFFIRMED.**