# IN THE COURT OF APPEALS OF IOWA

No. 24-0831
Filed May 21, 2025

**ROGER LUNDTVEDT,**
　　Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR WINNESHIEK COUNTY,**
　　Defendant.
_____

　　Appeal from the Iowa District Court for Winneshiek County, Laura J. Parrish, Judge.

　　Roger Lundtvedt contests the legality of the district court's orders issued in a contempt action. **WRIT SUSTAINED IN PART, WRIT ANULLED IN PART, AND CASE REMANDED.**

　　Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for appellant.

　　Jeremy L. Thompson of Putnam, Thompson & Casper, P.L.L.C., Decorah, for appellee.

　　Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

In this original certiorari action, Roger Lundtvedt contests the legality of the district court's orders issued in a contempt action. He challenges the contempt finding, punishment, conditions for purging his contempt, and denial of bail. Because the district court exceeded the law by requiring Lundtvedt to pay attorney fees to purge his contempt, we sustain the writ of certiorari as to that part of the order. We annul the writ in all other particulars and remand to the district court.

**I. Background Facts and Proceedings.**

In 2018, Lundtvedt contracted to sell 180 acres of farmland to Russell Lensing for $2,000,000 with a down payment of $200,000. Lensing provided the down payment, but the parties never closed on the sale. So in May 2019, Lensing sued Lundtvedt for breach of contract and conversion of the $200,000 down payment. Lundtvedt counterclaimed for breach of contract, breach of implied covenant of good faith and fair dealing, and specific performance. Lensing amended his petition to request that the court order specific performance for the sale.

In January 2022, the district court rejected the parties' damages claims but granted their request for equitable relief, explaining: "There is an inherent acknowledgement that a valid contract existed for both parties to seek specific performance. Both parties seek specific performance and specific performance they shall have, as the court finds it to be an appropriate equitable remedy based on the record in this matter." It ordered the sale to close on March 1. Both Lundtvedt and Lensing appealed, and this court affirmed but remanded for a new

closing date. *Lensing v. Lundtvedt*, No. 22-0368, 2023 WL 2396537, at *4–5 (Iowa Ct. App. Mar. 8, 2023).

On remand, the district court set closing for July 27, 2023. It ordered Lundtvedt to provide Lensing with copies of the 2022 and 2023 leases for the farmland to verify the amount of rent payments Lensing lost while the appeal was pending. It also ordered the amount of lost rent be paid at the time of closing or deducted from the amount Lensing owed Lundtvedt.

Lundtvedt and Lensing disagreed over whether the order regarding lost rent referred to net rent or gross rent, though neither asked the court for clarification. Lundtvedt refused to provide Lensing with the gross rent figures for the real estate, instead deducting expenses from an average rental rate to calculate the amount of net rent due. Lensing objected to this method of calculating rent, and no closing occurred on July 27.

Lensing applied for rule to show cause. In an April 2024 order, the district court found Lundtvedt in contempt for violating three orders in the real estate action and ordered him to serve ninety days in jail. The order allowed Lundtvedt to purge his contempt by closing on the sale, paying Lensing the income he lost in 2022 and 2023, paying $1500 in Lensing's attorney fees, and paying court costs.

After the court entered the contempt ruling, Lundtvedt transferred the real estate to Lensing. But the parties failed to resolve their dispute over the amount of lost rent due. The court held a hearing on the issue before entering an order calculating the amount of rent for 2022 and 2023 at $120,690.26 and ordering Lundtvedt to pay Lensing that amount from the supersedeas bond held by the clerk of court.

Lundtvedt petitioned the supreme court for a writ of certiorari, which the supreme court granted. The district court stayed the contempt punishment pending the outcome of the appeal. Lundtvedt contends the district court erred by finding him in contempt because he substantially complied with the orders.

**II. Scope of Review.**

There is no statutory right to appeal a contempt order. *See Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003). But one may contest a contempt ruling in an original certiorari action challenging the court's jurisdiction or the legality of its actions. *Id.* Because certiorari is an action at law, we review the legality of the court's actions for errors at law. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). An illegality exists when the court's factual findings are not supported by substantial evidence or when the court has not applied the law properly. *Id.*

**III. Discussion.**

**A. Contempt Finding.**

Lundtvedt first challenges the district court's contempt finding. "Illegal resistance to any order or process made or issued" is contempt and punishable as such. Iowa Code § 665.2(3) (2023). The party alleging contempt has the burden to prove beyond a reasonable doubt that the alleged contemnor willfully failed to perform a duty imposed by a court order. *Ary*, 735 N.W.2d at 624. Disobedience is willful if one acts intentionally and deliberately with a bad purpose, wantonly and in disregard of another's right, or contrary to a known duty with unconcern as to whether the contemnor had the right. *Id.* Any failure to obey a court order is not willful if the order was indefinite or the contemnor could not comply with it. *Id.*

Lensing alleged Lundtvedt willfully violated the court's orders to provide information regarding the 2022 and 2023 farm rental leases, provide a groundwater hazard statement, and close on the real estate sale. The district court found Lundtvedt in contempt on all three grounds. Lundtvedt's appeal focuses on the contempt finding related to payment of rent collected for 2022 and 2023. He claims he should not be held in contempt for tendering the net rent rather than the gross rent because a June 2024 order ultimately directed him to pay net rent for those years.

The district court found Lundtvedt in contempt for violating orders requiring him to provide Lensing with information about the rent he received in 2022 and 2023. A May 2023 order required that Lundtvedt "provide copies of the 2022 and 2023 farm lease(s) affecting the real estate to Lensing for the purpose of verifying the amount of rent to be paid to Lensing . . . no later than June 15, 2023." The court clarified that "[i]f there is no 2022 farm lease for the real estate . . . , [Lundtvedt] shall provide other proof of 2022 income or lack of income for the real estate." Lundtvedt only gave Lensing Schedule F from his 2022 federal tax return and a redacted version of the 2023 lease. Lensing objected that the information was incomplete because it did not include "crop insurance yields or yields that would have been reported to the Farm Service Agency or other government offices" for 2022, nor did it disclose how much rent Lundtvedt received in 2023. The court noted that Lensing was essentially alleging Lundtvedt failed to comply with the orders, reiterated Lundtvedt's obligation to comply, and warned that such failure constitutes contempt. But Lundtvedt did not update the documentation provided to Lensing before the deadline for the real estate sale. The court found

this failure amounted to contempt: "Nowhere did the Court direct Lundtvedt to provide proof of his farm rent expenses to Lensing. His decision to interpret 'rent' to mean 'net rent,' while to his benefit, was not consistent with the orders in this matter and was not in good faith." The June 2025 order calculating the amount Lundtvedt owed Lensing for income he received from the real estate in 2022 and 2023 does not retroactively change the information the court ordered Lundtvedt to disclose in earlier orders. The court did not act illegally by holding Lundtvedt in contempt.

**B. Attorney Fees.**

Lundtvedt next contends the district court exceeded the law by ordering him to pay Lensing's attorney fees to purge his contempt. Attorney fees are generally recoverable only if authorized by statute or contract. *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 999 N.W.2d 656, 668 (Iowa 2023). Iowa Code chapter 665 does not authorize an award of attorney fees in contempt actions. *See* Iowa Code § 665.4 (limiting punishment for contempt to a fine and period of incarceration); *Mullen v. Iowa Dist. Ct.*, No. 04-1695, 2005 WL 3478084, at *4 (Iowa Ct. App. Dec. 21, 2005) (holding chapter 665 does "not permit taxing the prevailing party's costs of gathering evidence, including attorney fees, to the contemnee"); *cf.* Iowa Code § 598.24 (allowing an award of reasonable attorney fees in a contempt action against party in contempt of dissolution decree). The court ordered Lundtvedt to pay Lensing's attorney fees as a condition of purging Lundtvedt's contempt rather than as a sanction for contempt, but the conditions attached to purging contempt "must be connected with the subject of the contempt." *Ary*, 735 N.W.2d at 627. The contempt action arose based on

Lundtvedt disobeying court orders in an action to enforce a real estate contract. Although attorney fees may be awarded when judgment is recovered on a written contract containing an agreement to pay an attorney fee, *see* Iowa Code § 625.22(1), the purchase agreement contains no such provision. Finding no legal basis on which the court could require Lundtvedt to pay Lensing's attorney fees to purge his contempt, we vacate this portion of the order.

**C. Bail.**

Lundtvedt also contends the court abused its discretion by denying him bail after finding him in contempt and ordering him to serve ninety days in jail. Lundtvedt moved the court to reconsider its ruling and stay mittimus, arguing that the court acted illegally. The court denied both motions, mittimus issued, and Lundtvedt was served with an arrest warrant. Lundtvedt complains that despite his legal challenge, the court "forged ahead with its contempt finding and sentence by issuing Mittimus and ordering Lundtvedt taken into custody without further court order, notice, or hearing and without entitlement to bail or initial appearance."[1]

Lundtvedt concedes that the court's authority to set bail during a certiorari action is "questionable." The right to bail after judgment and sentence is strictly statutory. *See State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (noting that

---

[1] To the extent that Lundtvedt suggests he was denied his right to due process, we reject his claim. Lundtvedt was afforded notice and a hearing on the application for rule to show cause. Lundtvedt cites *Greene v. District Court of Polk County*, 342 N.W.2d 818, 821 (Iowa 1983), in which the supreme court held that "whenever the district court withholds commitment on an adjudication of contempt subject to certain conditions, due process requires notice and hearing before commitment can be ordered for failure to comply with these conditions." But the court clarified that its holding "in no way affects the district court's power to immediately confine an individual upon an adjudication of contempt," *Greene*, 342 N.W.2d at 821, as is the case here.

the right to bail is strictly statutory); *State v. Kellogg*, 534 N.W.2d 431, 434 (Iowa 1995) (stating that "common law did not recognize an absolute right to bond on appeal after a conviction, and neither the federal nor Iowa constitution guarantees such a right"); *see also* Iowa Code § 811.1 (describing a defendant's right to bail and bail restrictions). No statute provides for the right to bail in contempt proceedings. *See Workman v. Iowa Dist. Ct.*, No. 17-1038, 2018 WL 3302361, at *4 (Iowa Ct. App. July 5, 2018) (finding "no authority for the court to set bail as a condition of holding an accused after his arrest in advance of a show-cause hearing"). After Lundtvedt petitioned for certiorari, the district court granted his motion to stay the balance of his contempt sentence pending the outcome of the action. We find no abuse of discretion.

**D. Punishment.**

Finally, Lundtvedt challenges the requirement that he serve ninety days in jail as punishment for his contempt. He contends the jail sentence is excessive. We review his claim for abuse of discretion. *See Ary*, 735 N.W.2d at 624.

Iowa Code section 665.4(2) allows the district court to punish contempt "by a fine not exceeding five hundred dollars or imprisonment in a county jail not exceeding six months or by both such fine and imprisonment." The district court made three findings of contempt, imposed a term of thirty days in jail on each, and ordered Lundtvedt to serve the terms consecutively for a total punishment of ninety days in jail. The punishment for each finding of contempt, and the total punishment, is well within the statutory limit. We thus find no abuse of discretion. *See, e.g.*, *Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 660 (Iowa 1995) (finding the district court did not abuse its discretion by imposing punishment of fifty days

in jail on finding of contempt, which fell within statutory authority to impose up term six months of incarceration).

**IV. Disposition.**

Because the district court exceeded the law by requiring Lundtvedt to pay $1500 of Lensing's attorney fees to purge his contempt, we sustain the writ of certiorari as to that part of the contempt order and annul the writ in all other particulars. We remand to the district court for entry of an order consistent with this decision.

**WRIT SUSTAINED IN PART, WRIT ANNULLED IN PART, AND CASE REMANDED.**