*663 CADY, Chief Justice
(dissenting).
I respectfully dissent. I would affirm the judgment of the district court.
The law properly cloaks judges with a presumption that they acted properly in the imposition of a sentence in a criminal case when faced with a claim that they used an improper sentencing consideration. State v. Formaro, 638 N.W.2d 720, 724 (Iowa 2002). This strong and venerable presumption is overcome only by proof that an improper consideration was used by the court. See id. (indicating an abuse of discretion will not be found unless the reviewing court is able to discern the decision was exercised on grounds that were clearly untenable).
When, as in this case, the judgment or sentence imposed by the district court was within the scope of discretion, the presumption of legality should shield the sentencing judge from an inference that an improper sentencing consideration could have been used. The invocation of a right under the Fifth Amendment by a defendant at the time of sentencing in response to an inquiry by the sentencing court about any criminal conduct committed by the defendant during the pendency of the ease can become the basis of an inference of retaliatory sentencing, but it can also be a proper penological sentencing consideration. Cf. State v. Iowa Dist. Ct., 801 N.W.2d 513, 527-28 (Iowa 2011). Yet, the imposition of a sentence by the court, following the invocation of the right, that merely falls within the high range of discretion does not establish proof of retaliation. The invocation, instead, remains an uncertain factor in the sentence.
In this case, the district court said it imposed a higher number of community service hours as a part of the deferred judgment granted to the defendant because it felt the higher amount of community service hours was proper, not because it wanted to retaliate against the defendant for refusing to admit or deny any drug use. The defendant was unemployed at the time of sentencing, in possession of a firearm at the time of arrest, and rebuked all inquiries by the judge about his current use of drugs. There was simply no direct evidence of retaliation. Instead, it would appear the court wanted to make a very lenient form of punishment, which provides offenders with an opportunity to avoid the heavy burden of a record of a criminal conviction, more meaningful to the offender to better promote successful rehabilitation.
Without direct evidence of a retaliatory motive by the sentencing judge, the presumption of legality must prevail. The district judge deserves such a result, as does the time-honored presumption given by the law to judges in the performance of their work.
MANSFIELD, J., joins this dissent.