# IN THE COURT OF APPEALS OF IOWA

No. 14-0655
Filed December 24, 2014

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**FRANK PHILLIP BROCATO,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.


          A defendant appeals claiming counsel was ineffective for failing to object to the State's breach of the spirit of the plea agreement and claiming the district court abused its discretion in sentencing him.  **AFFIRMED.**


          Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Tiffany L. Meridith, Assistant County Attorney, for appellee.


          Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

Frank Brocato appeals following the resentencing[1] on his guilty plea to assault causing bodily injury, in violation of Iowa Code sections 708.1(1) and 708.2(2) (2013). He claims the State violated the spirit of the plea agreement and his attorney was ineffective in not objecting to the violation. He also claims the district court abused its discretion when it sentenced him to 180 days in jail. We affirm.

The written guilty plea filed by Brocato recited the plea agreement as follows: "In return for my guilty plea the State will recommend 180 days all but 7 days suspended, $315 fine, 35% surcharge, court costs, attorney fees, restitution, up to one year probation to the Center for Creative Justice, dismissal of all remaining counts with costs to the defendant." At the sentencing hearing, the prosecutor made the following statement

> May it please the court, Your Honor. Your Honor, in this case the State is recommending 180-day jail sentence, that all but 7 of those days be suspended; that he be placed on probation to the Center for Creative Justice for a period not to exceed 12 months; that the minimum fine of $315 plus applicable court costs, surcharges, and court-appointed attorney's fees be imposed; and that a five-year no contact order with regards to the victim, Valeria Dennis, enter in this case, Your Honor. Nothing further.

Brocato acknowledges the State complied with the "explicit terms" of the agreement, but he contends it did not comply with the "spirit" of the agreement. He claims the State merely recited the terms of the agreement, informing the court of the promise it made, and failed to advocate for the sentence by

---

[1] Brocato was originally sentenced in June of 2013, but an appeal resulted in an order from the supreme court vacating that sentence and remanding the case for resentencing due to the fact the district court improperly relied on an unproven charge.

commending it to the court as supported and worthy of the court's acceptance. He claims the State's recommendation was at best "half-hearted" and failed to live up to the spirit of the agreement. Because the State breached the spirit of the agreement, Brocato claims his counsel was ineffective in failing to object to the breach resulting in prejudice to him.

We review ineffective-assistance claims de novo as these claims implicate the defendant's Sixth Amendment right to counsel. *State v. Lyman*, 776 N.W.2d 865, 877 (Iowa 2010). Brocato must prove counsel failed to perform an essential duty and prejudice resulted. *See id.* It is true that when a plea agreement requires a prosecutor to "recommend" a particular sentence, the prosecutor must "present the recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance." *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999).

Here, the State informed the court it was "recommending" the sentence outlined in the plea agreement. It was not required to use other terms in addition to "recommending" as urged by Brocato. The plea agreement required the State to "recommend." The State used a form of the word "recommend" which, by the dictionary definition argued by Brocato, means those very things Brocato claims the State should have said. It did not use a term that had a different or diminished measure of significance than "recommend." It did not undercut its promise by making "alternative recommendations," suggesting a more severe sentence as in *Horness*. *Id.* Neither did the State suggest a more severe

punishment should be imposed by reminding the court of the recommendation of presentence investigation report and informing the court it was not bound by the plea agreement, as in *State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008). Because we find no breach of the spirit of the plea agreement, counsel had no duty to object. *Horness*, 600 N.W.2d at 298 ("The defendant's counsel here cannot be faulted for failing to object to the prosecutor's statements as being a breach of the plea agreement if, in fact, they were not contrary to the State's agreement.").

Next, Brocato claims the court abused its discretion when sentencing him because the mitigating factors in this case supported the plea agreement sentence. The district court's decision to impose a particular sentence that is within the statutory limits is "cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion will be found only where the sentencing decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *Id.*

The court, in imposing the sentence in this case, stated:

> THE COURT: Well, Mr. Brocato, the purpose of sentencing you is to do two things, it is meant to rehabilitate you and to protect our community from further offenses from you. And Mr. Brocato, it's pretty clear that this sentence needs to make you understand how dangerous and how serious this charge is, and to make you understand that you do not have the right to assault another person, and when you do that there are going to be serious consequences both to yourself and to the victim of this offense. And I think I can say with some confidence that the victim of this offense probably looks at people differently now, she probably lives

her life differently because of what you did to her, and that's your responsibility and you have to own that responsibility.

So the question is: What kind of a sentence can I impose that will make you understand how totally and completely unacceptable your behavior was and how important that it is in the future you do a better job with your decision making? Mr. Brocato, on the one hand it appears that you now maintain employment, have a stable relationship, and have a stable environment. On the other hand you have a prior conviction for disorderly conduct, a prior conviction for this very same offense, assault causing injury, and then it looks like a theft fifth conviction. So back in 2009 you were convicted of this very same offense. You were put on probation with a suspended jail sentence, and apparently you completed that probation. You went to anger management it looks like, and now—and it also looks like that probation was revoked, and you ended up serving some time in jail.

Mr. Brocato, it's pretty hard to understand how probation is going to work now when it didn't work in 2009. There's really nothing in this record to indicate that you've changed or that you make your decisions differently or that you are now rehabilitated when you were not rehabilitated after your last probation. Probation just simply did not work on this very same charge, and I don't see anything to indicate that it's going to work this time. I think you need to go to jail, and I think you need to suffer consequences to make you understand no matter how angry you get, no matter how upset you are, you cannot assault other people because the consequences are just too severe.

I sentenced you to serve 180 days in jail the last time you were here, and I still think that is the appropriate sentence, and that's the sentence that will be imposed today. And I hope, and I think, that when you get out of jail next time you will understand how serious the consequences are and you'll make a decision not ever to let this happen again.

So Mr. Brocato, it is the order of this Court that you are adjudged guilty of assault causing injury in violation of section 708.2(2) of the Iowa Code. You are sentenced to serve 180 days in the Story County Jail, mittimus to issue immediately, and you are granted credit for time served.

You are ordered to pay a fine of $315, a 35 percent surcharge, court costs, court-appointed attorney fees, and restitution of $933.34. The no contact order shall now be extended for five years. Any remaining counts and companion charges are dismissed with costs taxed to the defendant.

The sentence, while it did not comply with the plea agreement, was within the statutory limits, and the court recited adequate reasons for imposing the sentence it did.  The court considered the need for rehabilitation of the defendant, protection of the community, the circumstances of the offense, and the impact on the victim.  The court also considered Brocato's prior criminal history, prior performance on probation, participation in an anger management class, current employment, current relationships, and current environment.  We find no abuse of discretion here.

We affirm Brocato's conviction and sentence.

**AFFIRMED.**