**IN THE COURT OF APPEALS OF IOWA**

No. 13-1759
Filed June 24, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**CHARITY ANN ALBRIGHT,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Henry County, John M. Wright,

Judge.


       The defendant challenges her conviction and sentence.  **AFFIRMED.**



       Jeffrey M. Lipman of Lipman Law Firm, P.C., Clive, for appellant.

       Thomas J. Miller, Attorney General, Kevin Cmelik and Heather Ann

Mapes, Assistant Attorneys General, Darin Stater, County Attorney, and Edward

G. Harvey, Assistant County Attorney, for appellee.



       Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Defendant Charity Albright was charged by amended trial information with conspiracy to manufacture methamphetamine, in violation of Iowa Code section 124.401(1)(b)(7) (2013), and possession of pseudoephedrine with the intent that it be used to manufacture a controlled substance, in violation of Iowa Code section 124.401(4)(b).  Pursuant to a plea agreement, Albright pleaded guilty to the latter charge, and the State agreed to recommend a suspended sentence for the offense while Albright was free to ask for a deferred judgment.  The district court sentenced Albright to an indeterminate term of incarceration not to exceed five years but suspended the sentence.  The district court imposed as a term and condition of probation that Albright complete in-patient substance abuse treatment in a halfway house.  On appeal, Albright contends the sentence is illegal because she was not afforded the opportunity to withdraw her guilty plea when the district court required her to complete the in-patient program at the halfway house rather than the substance abuse program Albright desired.  She contends this was a violation of Iowa Rule of Criminal Procedure 2.10.

To the extent Albright casts her claim as a challenge to an illegal sentence, the claim is without merit.  First, it appears from the record before this court the sentence is actually in accord with the plea agreement.  The plea agreement called for the State to recommend a suspended sentence, which it did.  The district court imposed a suspended sentence.  There is nothing of record establishing the parties agreed the defendant would be required to complete a particular substance abuse treatment program.  Second, the

sentence is not illegal. The district court convicted Albright of the offense to which she pleaded guilty, sentenced her in accord with all relevant statutes, and did not consider any impermissible factors in imposing said sentence. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (stating the decision to impose a sentence within statutory limits is cloaked with a strong presumption in its favor and will be affirmed absent clear evidence in the record of consideration of impermissible factors).

To the extent Albright's claim is actually a challenge to the plea proceeding, her claim fails on two grounds. First, Albright failed to preserve error on the issue because she failed to file a motion in arrest of judgment after being informed during the plea proceeding of the necessity of doing so and the consequences for failing to do the same. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Second, the claim fails on the merits. During the plea colloquy, the district court advised Albright that it would not be bound by the plea agreement and that it could impose any sentence allowed by law, even contrary to the parties' recommendation and request. The district court then specifically asked Albright if she nonetheless wished to plead guilty, and Albright answered in the affirmative. This is all Iowa Rule of Criminal Procedure 2.10(4) requires. It does not provide, as the defendant contends, an absolute right to withdraw her plea at a later sentencing hearing. *See* Iowa R. Crim. P. 2.10(4) ("If the defendant persists in the guilty plea and it is accepted by the court, the defendant shall not have the right subsequently to withdraw the plea

except upon a showing that withdrawal is necessary to correct a manifest injustice."). There is no showing of manifest injustice here.

The defendant's conviction and sentence are affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**