# IN THE COURT OF APPEALS OF IOWA

No. 15-0454
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SEKOU CHOKWE MTAYARI MOORE,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

        Defendant appeals his sentence following his conviction for willful injury causing bodily injury.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link, Assistant Attorneys General, for appellee.

        Considered by Doyle, P.J., Mullins, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Defendant Sekou Moore appeals his sentence following his conviction for willful injury causing bodily injury. The district court did not abuse its discretion in sentencing Moore to a term of imprisonment not to exceed five years. The court considered appropriate factors in issuing the sentence. We affirm the decision of the district court.

Moore pled guilty to willful injury causing bodily injury, in violation of Iowa Code section 708.4(2) (2013), a class "D" felony. According to the minutes of evidence, Moore "sucker punched" a security guard, pulled her coat over her head, threw her to the ground, and continued to assault her until officers arrived. The guard suffered a laceration over the left eye, which required four or five stitches, and a detached retina.

The district court sentenced Moore to a term of imprisonment not to exceed five years. The court stated:

> I am not going to grant probation in this case. I don't think that probation would provide reasonable protection of the public from further offenses. I notice that you have done poorly on community-based supervision in the past, and given your record, your age, and the nature of this offense, I cannot grant probation. I'm sentencing you to serve a term not to exceed five years in prison.

Moore appeals his sentence, claiming the district court abused its discretion by imposing a sentence of incarceration, rather than suspending his sentence and placing him on probation. A district court's decision to impose a sentence within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008).

An abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro,* 638 N.W.2d 720, 724 (Iowa 2002).

We find no abuse of discretion by the district court in this case. The court adequately explained its reasons for imposing incarceration rather than placing Moore on probation, and we approve of the court's reasons and conclusions. Further discussion of the matter would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(e). We therefore affirm by memorandum opinion.

**AFFIRMED.**