# IN THE COURT OF APPEALS OF IOWA

No. 15-0917
Filed March 23, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOHN DANUIEL MARKS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark D. Cleve, Judge.

A criminal defendant appeals his sentence after pleading guilty to the offense of felon in possession of a firearm. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

John Danuiel Marks appeals his sentence after pleading guilty to the offense of felon in possession of a firearm. He argues the district court abused its discretion when it took into account only a single factor—his lengthy criminal record—in arriving at his sentence. Because the district court considered several relevant factors at sentencing, we affirm.

## I. Background Facts and Proceedings

On December 22, 2014, the State filed a trial information charging Marks with two crimes: possession of a firearm or offensive weapon by a felon, in violation of Iowa Code section 724.26(1) (2013); and trafficking in stolen weapons, in violation of section 724.16A. On April 16, 2015, following two changes in defense counsel and a denied motion to suppress, Marks entered into a written plea agreement. In exchange for his guilty plea on the first count, Marks was assured the State would dismiss the second count at sentencing and would not pursue the applicable habitual offender sentencing enhancement against him. The plea agreement was an open plea, and the district court was not bound by either of the sentencing recommendations.

Marks was sentenced on May 21, 2015. As promised, the State moved to dismiss count two and did not ask for the habitual offender sentencing enhancement. The State recommended Marks be sentenced to a term of imprisonment not to exceed five years, based primarily upon his significant criminal history. The State also pointed to Marks's prior, failed attempts at rehabilitation and the need to protect the community. Marks requested probation.

The district court was persuaded by the State and sentenced Marks to a term of imprisonment not to exceed five years with credit for time served. The court explained on the record its reasons for selecting that sentence:

> The court has given serious consideration to the arguments and information presented by both parties in this case as to whether or not the court should suspend that sentence. And after very thoroughly considering all of that information and the presentence investigation information and recommendation contained in that report, the court concludes that probation is not an appropriate option for Mr. Marks. And the court primarily bases that upon Mr. Marks's significant and rather lengthy criminal conviction history and the fact that at the most recent demonstrated opportunity for remaining out on supervision—that being the previous conviction for forgery that resulted in a parole that had to be revoked—the court does not find that probation supervision in the community is appropriate at this juncture. For those reasons and all of the other reasons contained in the presentence investigation that are set forth, the—in the information, I should say, the court determines that the sentence should be imposed.

Marks now appeals.

## II. Standard of Review

When reviewing a district court's sentencing decisions, we will not reverse absent either an abuse of discretion or a defect in the sentencing procedure such as the consideration of inappropriate matters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Analysis

Marks argues the district court abused its discretion in determining his sentence because it relied upon only a single factor—his lengthy criminal record—at the expense of a number of others: the nature of the offense, the attendant circumstances of his crime, his age, his character, and his propensity for reform. Marks's argument is not supported by the record.

The district court stated on the record that it *primarily* based its sentencing decision upon *both* his significant criminal history and his recent parole revocation. "Primarily" does not mean "only"; it implies the existence of other, less important, considerations. The district court indicated it primarily based Mark's sentence upon two different factors taken together, so by the court's own explicit statement, his criminal history was not considered alone. Finally, the district court's reliance upon multiple factors was further established when the court noted on the record that it considered all of the information contained in the presentence investigation report. Because Marks's argument has no basis in fact, we need not discuss the issue on the merits.

**AFFIRMED.**