# IN THE SUPREME COURT OF IOWA

No. 14–1670

Filed June 16, 2017

Amended August 17, 2017

**STATE OF IOWA,**

     Appellee,

vs.

**JARROD DALE MAJORS,**

     Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Taylor County, David L. Christensen, Judge.

Jarrod Dale Majors challenges the district court's imposition of a minimum term of incarceration without the possibility of parole following a resentencing hearing in which the district court was to consider certain mitigating factors attributable to his youth at the time of the offense. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

**CADY, Chief Justice.**

In this case, we are presented with a claim by a defendant that the district court abused its discretion when it resentenced him to a period of incarceration without the possibility of parole for crimes committed as a juvenile. We transferred the case to the court of appeals, and it affirmed the sentence. On further review, we vacate the opinion of the court of appeals, reverse the sentence imposed by the district court, and remand the case for resentencing.

### I. Background Facts and Proceedings.

Jarrod Dale Majors committed a frightening crime in May 2002 when he was a seventeen-year-old high school senior. He lived in a quiet neighborhood with his family in a southern Iowa community and had grown obsessed with a woman who lived in a house across the street with her husband and two children. One evening in May 2002 when the neighbors were gone from their home, Majors decided to enter the home and wait for them to return. He wore a ski mask and gloves and attached a large knife to his waistband. He put duct tape on his wrist and carried a .22 caliber rifle with a plastic soda bottle taped to the barrel. He hid in the closet of the master bedroom and waited for the family to return. When the woman entered the bedroom, Majors emerged and attacked her. She fought him off, her husband quickly intervened, and Majors was subdued. Police promptly arrived. The family, including the children, were terrified, but no serious physical injuries were inflicted.

Majors told police he was paid $100 to commit the crime as a prank. He later said he was hallucinating at the time and could not recall committing the crime due to drug use and lack of sleep for a prolonged period of time. He also believed the neighbors had planned to

attack him. Majors had no prior criminal record other than a single offense for possession of alcohol as a minor.

Majors eventually pled guilty to attempted murder and burglary in the second degree. He was sentenced by the district court to a period of incarceration of twenty-five years for the attempted murder with a minimum period of incarceration just over twenty-one years. He was sentenced to a ten-year term of incarceration for the burglary. This sentence ran consecutively to the attempted-murder sentence.

Majors sought and received a resentencing hearing on September 16, 2015, following our opinion in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014). Following this resentencing hearing, the district court again sentenced Majors to a term of incarceration of twenty-five years for the attempted murder, with seventy percent of the sentence to be served prior to parole eligibility. He was again sentenced to a ten-year term of incarceration for the burglary to run consecutively with the attempted-murder sentence.

At the resentencing hearing, the court made the following findings: (1) Majors had no significant adult criminal history; (2) he had worked at a restaurant, currently worked in the dietary department, could obtain future employment, and had no significant assets or expenses; (3) his family had failed to hold him accountable for his crimes, as indicated by the victim statement heard at resentencing; (4) he had faced sentences totaling over 100 years but pled to twenty-five; (5) the crimes involved weapons, had a significant impact on the victims, and were more severe than other conduct that may qualify as the offense; (6) he needs treatment but had not received any; (7) he had to be incarcerated to protect society given his failure to accept responsibility for his actions, as shown by his continued insistence that drug use played a role, and

further that a significant period of incarceration was necessary to deter others from committing similar crimes; and (8) Majors, being close to eighteen at the time of the crimes, was likely "substantially mature, minimally subject to impulsive behavior and peer pressure, and largely able to comprehend the full nature and consequences of [his] actions." The court also found Majors's prison record indicated he "developed adult behaviors and attitudes by the time he committed his crimes," and had failed to change. The court closed by finding the facts of the offense showed it was planned, and Majors's efforts to avoid apprehension indicated he understood the consequences of his acts. After this review, the court imposed the lengthy sentence described above and its accompanying mandatory minimum term of incarceration.

Majors appealed. His sole claim on appeal is the district court abused its discretion in imposing a sentence of incarceration without parole by failing to properly recognize and apply the relevant sentencing factors. The court of appeals affirmed his sentence, finding the court considered the factors in *Lyle* to the extent the record had information on them before imposing a sentence within the allowable statutory framework. We granted further review to address the adequacy of Majors's resentencing hearing and the conclusions the court reached following it.

## II. Standard of Review.

For the reasons stated in *State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017), also filed today, our review in this case, in which the district court reached a sentence within permissible statutory guidelines following an individualized resentencing hearing, is for an abuse of discretion. However, we reiterate that this review "is not forgiving of a deficiency in the constitutional right to a reasoned sentencing decision based on a

proper hearing." *Id.* As noted by the United States Court of Appeals for the Eighth Circuit,

> A discretionary sentencing ruling, similarly, may be [an abuse of discretion] if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

**III. Analysis.**

Based on our opinion in *Roby*, we conclude the district court abused its discretion by imposing a minimum period of incarceration without eligibility for parole. The sentencing transcript clearly reveals the district court misapplied the relevant factors identified and explained in *Roby*. It also failed to consider some of the relevant factors and gave improper weight to factors beyond those described in *Roby*.[1] Accordingly, we reverse the sentence of the district court and remand for resentencing consistent with the sentencing factors as explained in *Roby*.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

Wiggins and Appel, JJ., join this opinion. Hecht, J., files a concurring opinion. Appel, J., files a separate concurring opinion in which Wiggins, J., joins. Zager, J., files a dissenting opinion in which Waterman and Mansfield, JJ., join.

---

[1]This conclusion does not imply that factors other than those identified in *Roby* may not be considered.

**HECHT, Justice (concurring specially).**

I concur specially for the reasons explained in my special concurrence filed today in *State v. Roby*, 897 N.W.2d 127 (Iowa 2017).

**APPEL, Justice (concurring specially).**

I join in the court's opinion and concur specially for the reasons explained in my special concurrence filed today in *State v. Roby*, 897 N.W.2d 127 (Iowa 2017) (Appel, J., concurring).

Wiggins, J., joins this special concurrence.

**ZAGER, Justice (dissenting).**

I respectfully dissent for the reasons explained in my dissent filed today in *State v. Roby*, 897 N.W.2d 127 (Iowa 2017) (Zager, J., dissenting).

Waterman and Mansfield, JJ., join this dissent.