**IN THE COURT OF APPEALS OF IOWA**

No. 18-1303
Filed April 3, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOHNNY TIBNOL,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla (plea) and Lars G. Anderson (sentencing), Judges.

Johnny Tibnol appeals his conviction for incest. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until his withdrawal) and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Johnny Tibnol appeals his conviction for incest. Tibnol claims the district court abused its discretion by sentencing him to prison. We find the district court did not abuse its discretion and affirm the judgment and sentence.

On June 7, 2018, pursuant to a plea agreement, Tibnol pleaded guilty to incest, in violation of Iowa Code section 726.2 (2018), a class "D" felony. On July 24, the district court entered judgment and imposed the statutory sentence of incarceration for up to five years, a fine plus surcharges, a ten-year special sentence pursuant to Iowa Code section 903B.2, and a requirement for Tibnol to register as a sex offender pursuant to Iowa Code chapter 692A. The court also entered a five-year no-contact order.

Tibnol claims the court abused its discretion by relying too heavily on the nature of the offense in its sentencing determination and the court should have imposed a deferred judgment or suspended sentence instead of incarceration.

We review a sentence within the permissible statutory guidelines for an abuse of discretion. *State v. Majors*, 897 N.W.2d 124, 127 (Iowa 2017). Sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003).

Upon our review, we find the district court exercised its discretion and did not display a fixed policy or consider impermissible factors. The record shows the

court considered and weighed numerous appropriate factors in arriving at a sentence with clearly-stated, valid reasons for the sentence it imposed. The court did not rely merely on the nature of the crime, but instead expressly considered the facts and circumstances of this specific offense, Tibnol's prior domestic battery conviction, and other information found in the presentence investigation report. The court's sentencing decision was well within its discretion, and we will not disturb it on appeal.

**AFFIRMED.**