**IN THE COURT OF APPEALS OF IOWA**

No. 17-0329
Filed October 25, 2017

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ARON JON BIERL,**
       Defendant-Appellant.
_____


       Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder,

Judge.


       The defendant appeals his sentence for possession of a firearm by a

domestic violence offender.  **AFFIRMED.**


       Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.


       Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Aron Bierl appeals his sentence following a guilty plea to possession of a firearm by a domestic violence offender, pursuant to Iowa Code section 724.26(2)(a) (2016).

Local police received a call for a welfare check in March 2016; the caller stated there were young children home alone at Bierl's house. When the officers arrived at the home, they found the two children and then "cleared" the house for any adults. None were present. The officers noted the presence of a firearm in plain view. Based on this, the officers obtained a warrant to search the home. Upon its execution, the officers discovered a second firearm and a large amount of ammunition. At the time, Bierl was subject to two protective orders—one for his former wife and one for a former girlfriend. As a result, he was charged with two counts of possession of a firearm by a domestic violence offender in April.[1]

In November, pursuant to a plea agreement with the State, Bierl pled guilty to one of the counts and the other was dismissed. Additionally, the State agreed not to make any recommendation at sentencing, and Bierl was free to advocate for a deferred judgment.

Bierl was sentenced in February 2017. At the sentencing hearing, Bierl asked the court to defer judgment and place him on probation. He stated that he is an avid hunter and would like to get his gun rights back. He also stated he had completed intensive outpatient treatment for alcohol abuse and was attending mental-health treatment and taking his prescribed medications. The court noted

---

[1] Bierl filed a motion to suppress, arguing the warrantless search of the home was invalid. The court denied the motion, ruling the first gun was found while the officers were properly in the home conducting a bonafide community caretaker activity.

Bierl had been convicted of harassment and had a third protective order entered against him since the date of the possession charge.

The court stated it would be adopting the recommendations of the report from the presentence investigation (PSI) and sentenced Bierl to a term of incarceration not to exceed five years. The court noted:

> They do give you credit in the presentence investigation report for being involved in mental health and substance abuse treatment and being dedicated to that.
>
> And, frankly, I'm—I'm not focusing a lot on necessarily what came out of the divorce decree, but I'm looking at, instead, the nature of the offense. And I perceive it as sort of an inability to take responsibility for your actions and, instead, kind of take what you did and—and blame it towards wife, girlfriend, other people involved in your life. And it's unfortunate.
>
> And it's unfortunate you picked up a harassment charge following this offense date. And, again, somehow that seemed to be somebody else's fault.
>
> So I'm looking at your age. I'm looking at your record of convictions. I'm looking at your employment circumstances, the nature of the offense, whether a weapon was involved. And, obviously, it was. Your financial circumstances and the need to protect the community.
>
> For all those reasons, I'm going to adopt the presentence investigation report recommendations. What that means to you is you're going to be sentenced to five years to the custody of the Director of the Department of Corrections. That term of imprisonment is not suspended.

Bierl maintains the district court abused its discretion when it imposed his sentence; he claims the court improperly focused on one factor and failed to consider any of the mitigating factors in his favor.

Here, the sentence imposed was within the statutory limits. *See* Iowa Code §§ 724.26(2)(1) (stating the offense is a "D" felony), 902.9(1)(e) (stating a class "D" felon "shall be confined no more than five years"). Thus, it is "cloaked with strong presumption in its favor," and we will not reverse "absent an abuse of

discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 720).

Bierl claims the court focused on the fact that he did not take responsibility for his actions when reaching its sentencing decision; he also maintains the court's statement that he had not taken responsibility was factually incorrect because he pled guilty to the offense. Although Bierl entered a guilty plea, he also continued to downplay his role in the crime. According to the PSI report, when asked for his version of the events, Bierl stated he "felt awful about the crime" but also stated he wished "his ex-wife would be held accountable for cheating on him"; his conviction was not appropriate, police officers "lied at depositions about a lot of things"; he thought the way everything occurred was a "screwy deal"; the charges were the result of "stupid police work"; and the charge did not seem right. The court's statement that Bierl continued to blame others for his charge and the resulting conviction was not inaccurate. Additionally, the court considered more than Bierl's action of continuing to blame others, including mitigating factors. The court gave Bierl "credit . . . for being involved in mental health and substance abuse treatment and being dedicated to that."

Because the court considered the appropriate factors before reaching its sentencing decision, we affirm Bierl's sentence. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) ("[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.").

**AFFIRMED.**