# IN THE COURT OF APPEALS OF IOWA

No. 17-1032
Filed June 6, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CRYSTAL LAKTAS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (South) County, Mark E. Kruse and John M. Wright, Judges.

A defendant appeals her sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Crystal Laktas appeals her sentence following her guilty plea to second-degree theft, in violation of Iowa Code sections 714.1 and 714.2(2) (2016). Laktas claims the district court abused its discretion by focusing only on Laktas's prior criminal record, and it did not consider mitigating factors such as her employment history and status as her father's primary caregiver.

Following her guilty plea, Laktas was sentenced to five years of imprisonment and a $750 fine with a surcharge. The district court suspended the fine and surcharge. In pronouncing the sentence, the district court stated:

> The Court has considered all the sentencing provisions provided in Iowa Code Chapters 901 and 902. The following sentence is based upon my judgment of what will provide the maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
> The Court has specifically considered all the arguments made here today, all the contents of the presentence investigation. There are a number of attachments, including letters by family members and so forth, which the Court has also considered and read in this case.
> . . .
> In reaching this sentence, ma'am, I've taken into account your prior criminal record, which, as indicated, obviously is not good. You've had the benefit of probation, you've had the benefit of various services while on probation, you've had the benefit of parole. You've been incarcerated before. This is a situation where multiple—the last of multiple felony convictions. And, again, I'm a little bit taken aback by the Department of Correctional Services' recommendation with a—on the risk assessment when the same thing keeps happening over and over and over again and then come up with a conclusion that it's not a risk, which, again, does not make sense.
> The other thing for the presentence investigation, it appeared—I mean you just got off parole or probation within a very short time. You're back at it again with this offense, which didn't occur once, not a one-time thing, but multiple offenses occurring over a long period of time when you were put in a position of trust in this case.
> So that's the reasons for the sentencing and, again, I've taken into account everything else that was said here today. You know,

you can't say, well, I've done this and this since I was arrested on this charge and that makes—you know, and that should determine what happens here today. This has happened before multiple times and I'm sure the same thing has happened before. So I've taken into account but give it less weight than what the presentence investigation does.

When a sentence falls within statutory limits, the sentence is reviewed for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). A sentencing court abuses its discretion when the sentencing decision is based on grounds that are clearly untenable or unreasonable. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. Iowa Code § 901.5 (2001). It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.

*Id.* at 724–25.

The record reflects the district court properly emphasized Laktas's criminal history in determining her sentence, as well as her inability to take advantage of time on probation or parole. The district court also considered the nature of the offense and how Laktas deceived her employer over time while she was in a position of trust. The record does not suggest the court's decision was based on clearly untenable or unreasonable grounds. The sentence was based on Laktas's criminal history and the nature of the offense. Laktas's assertion that the district court should have given greater consideration to the fact that she is the primary caregiver for her ailing father does not render the sentence imposed untenable or

unreasonable.  Accordingly, we conclude the district court did not abuse its discretion in sentencing Laktas.

**AFFIRMED.**