# IN THE COURT OF APPEALS OF IOWA

No. 21-1637
Filed January 11, 2023


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JONATHAN CALEB NEMMERS,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.


Jonathan Nemmers appeals the sentence imposed upon his conviction for introducing contraband into a detention facility. **SENTENCE AFFIRMED IN PART AND VACATED IN PART.**


Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Jonathan Nemmers appeals the sentence imposed upon his conviction for possession of contraband in a detention facility in violation of Iowa Code section 719.7(3)(a) (2020). We vacate that portion of the sentence purporting to impose a restitution requirement for court costs under count II and otherwise find no abuse of sentencing discretion.

Nemmers was charged in a two-count trial information with possession of contraband in a detention facility (count I) and possession of a controlled substance, second offense (count II). An amended trial information was later filed, charging Nemmers only with possession of contraband in a detention facility. Nemmers filed a written guilty plea, admitting that on January 29, 2020, he entered a men's residential facility with synthetic cannabinoid on his person; the parties were free to argue about an appropriate sentence.

The presentence investigation (PSI) report noted Nemmers was on work release for prior convictions for second-degree arson and manufacturing methamphetamine at the time of this offense; he was previously granted a suspended sentence, later revoked, on another charge; he has a history of using mood-altering chemicals; and previous court referrals to substance-abuse treatment were unsuccessful. The PSI report recommend a five-year prison term be imposed.

The State argued for a five-year prison sentence, a $750 fine, plus court costs and surcharge and asked that the court also order Nemmers to complete a substance-abuse evaluation and comply with any recommendations. The defense requested the court impose a suspended sentence, which would be served

consecutive to the sentence Nemmers was currently serving on his former convictions. The court imposed a prison sentence and stated:

> I am required to state on the record my reasons for selecting this sentence. As I indicated, under [s]ection 901.8, because this particular crime was committed basically when your work release was revoked and then you had the substance with you when you were taken into the jail or detention facility or residential facility, that's why this sentence is consecutive, because of the circumstances of the offense and that statute.
>
> The [PSI] report recommends a prison term. I understand why your attorney made the argument that he did for a suspended sentence and probation for you. He did that basically because of the requirement of the consecutive sentence. I don't find his argument and his recommendation to be the one that I should follow in this case, given your record, your history, you've been in a work release facility, you've been on supervision before, you haven't complied with the conditions of release. And you've been under supervision and parole for very serious offenses, and because of this new crime committed while you were on parole supervision and the work release status, I don't find that a suspended sentence is appropriate.

The court also stated, "I will dismiss Count II, according to the terms of the plea agreement, at defendant's cost, and any other companion simple misdemeanor charges, if there are any, at defendant's cost." Written judgment was filed on October 7, 2021. The judgment order repeats: "Count II is dismissed, with associated restitution assessed to Defendant."

On October 27, Nemmers filed a pro se notice of appeal in which he named Scott Sobel as his attorney. On November 11, Sobel filed a motion to withdraw because his license to practice law was subject to Iowa Court Rule chapter 39 suspension.[1] On November 18, Sobel filed another motion to withdraw on the

---

[1] The November 11 motion was granted by the district court on November 12, and James Metcalf was appointed as Nemmers's attorney. However, it was filed under a different case by error and, on November 18, the district court rescinded and revoked Metcalf's appointment.

same ground. This motion was granted the same date, and Allan Richards was appointed to represent Nemmers.

On November 19, the Iowa Supreme Court filed an order noting the filing of a pro se notice of appeal and that the district court had not appointed an appellate attorney for Nemmers. The supreme court ordered the district court to appoint the appellate defender. The order appointing the State Appellate Defender was filed on November 30. On December 2, the appellate defender filed a notice of appeal on Nemmers's behalf.

On appeal, Nemmers asserts this court has jurisdiction to consider his pro se notice of appeal because at the time he filed it his counsel was suspended from the practice and he was essentially unrepresented by counsel, so the prohibition against pro se filings by a represented defendant is inapplicable. Even assuming Iowa Code section 814.6A prohibited Nemmers from filing a pro se notice of appeal while represented by counsel, Nemmers is entitled to seek a delayed appeal—he timely expressed a good faith intent to appeal and, through no fault of his own, his appointed counsel did not perfect the appeal and had his license to practice suspended. *See State v. Davis*, 969 N.W.2d 783, 788 (Iowa 2022) ("Counsel's failure to timely file a notice of appeal after the client's timely expression of his intent to appeal would constitute a violation of the client's right to the effective assistance of counsel."). The State does not contend otherwise. We determine we have jurisdiction to hear Nemmers's appeal.

Nemmers next contends the court erroneously assessed costs to him on count II. First, under the amended trial information there was no count II. Count II was not before the court at either the plea taking or sentencing. To the extent of

the court's misstatements about count II, the trial court erred, and we vacate this portion of the sentence.[2]  *See State v. Brown*, 905 N.W.2d 846, 857 (Iowa 2018).

Finally, Nemmers claims the court erred in "failing to consider which sentencing option would provide maximum opportunity for [his] rehabilitation and reentry into the community."  Nemmers essentially advances that the trial court did not assign a high priority to his rehabilitation in its sentencing equation.  While a sentencing court is to consider rehabilitation of the offender, it is also to consider the protection of the community, and "the host of factors that weigh in on the often arduous task of sentencing a criminal offender."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  Nemmers's attack on his sentence runs aground on familiar rules governing our review of a criminal sentence: "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *Id.*  Here, the trial court did not consider inappropriate matters.  Rather, the court properly took note of Nemmers's rehabilitation needs in light of his prior inability to succeed on probation.  Finding no abuse of discretion, we affirm the sentence imposed.

---

[2] Nonetheless, as the State observes, according to the record before us the taxed costs do not list any costs attributable to a count II.  Where no costs attributable to a count II have been taxed, the order does not prejudice the defendant.  Moreover, court costs are classified as category "B" restitution.  *See* Iowa Code § 910.1(2) (2021).  After the notice of appeal was filed, a restitution hearing was held and the district court concluded Nemmers is not able to pay category "B" restitution.

We vacate the portion of the sentence which purports to impose a restitution requirement for court costs on count II. In all other respects, we affirm the sentence.

**SENTENCE AFFIRMED IN PART AND VACATED IN PART.**