# IN THE COURT OF APPEALS OF IOWA

No. 23-1332
Filed August 7, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSCELA DANIELLE HOLLOWAY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple,

Judge.


        Joscela Holloway appeals the sentences imposed after her guilty pleas to

twenty-three offenses. **AFFIRMED.**


        Heidi Miller of The Law Office of Heidi Miller, Pleasantville, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**BOWER, Senior Judge.**

Joscela Holloway pleaded guilty to twenty-three offenses in eleven separate cases: ten counts of forgery, four counts of second-degree theft, three counts of third-degree theft, three counts of fourth-degree theft, and three counts of identity theft under $1500. The court ordered a presentence investigation report (PSI) to be prepared before sentencing.

The PSI opined Holloway "needs to be incarcerated to protect the community from further illicit acts and to impress upon her the severity of her repeated criminal behavior." At sentencing, the State requested the court follow the sentencing recommendations in the PSI and further requested consecutive sentences "given [Holloway's] history of this type of behavior, her inability to stay out of the criminal justice system even while on pretrial supervision, and just because of the sheer volume of cases that she has pending." Holloway requested the court "to run the charges concurrently and . . . suspend those or to consider plac[ement] in the residential facility." Defense counsel acknowledged "there was a string [of offenses] here" and "a string of some [similar] issues" "about ten years ago" but opined Holloway lived a relatively "clean life" otherwise. Defense counsel further pointed out Holloway was enrolled in college "off and on" and she also worked "off and on." The defense believed the people Holloway "decides to hang out with and what they're up to kind of tends to get her into trouble" but opined Holloway was not "a risk of harm to the community."

The district court considered the parties' arguments and the recommendations of the PSI, which discussed the relevant sentencing factors.

Ultimately, the court ordered the sentences to be imposed rather than suspended, stating in part:

> The Court does find this to be an extensive criminal run here where the defendant remained out of custody and continued a crime spree that was repeated in nature over and over and over again to the extent that, as it is clear here, she's acquired 11 different cases and upwards of 20-plus different crimes, the vast majority of them being felony in nature.

Holloway challenges her sentences on appeal.[1,2] She claims "a suspended prison sentence and probation was the most appropriate sentence" to provide her "with the maximum opportunity for rehabilitation" and "also ensured the safety of the community." We review sentencing rulings for correction of errors at law. *Damme*, 944 N.W.2d at 103. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Here, the court noted it had considered the PSI, which described Holloway's "history of theft, forgery and burglary crimes date back to age [eighteen]."[3] The PSI further stated:

---

[1] Because Holloway appeals her sentence, she has established good cause to appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] The parties' appellate briefs and the records in this case were filed by April 2024, and the supreme court transferred the case to our court on July 3, 2024. On July 19, Holloway filed a pro se request for a "new appeal lawyer to be assigned." Upon our review, we deny her request.

[3] At the time of sentencing, Holloway was thirty-three years old.

In her pending matters, Defendant Holloway committed at least six separate felony crimes before incurring her first arrest on 1/13/2022. She then continued her illicit behavior by committing four additional felony crimes before incurring her next arrest on 2/28/2022. The defendant then committed yet another felony crime before incurring her remaining arrests between 3/10/2022 and 9/23/2022.

The PSI described Holloway as a "career criminal" and noted she "takes no responsibility for her pending crimes and voiced no remorse for the victims of her crimes," and she "did not take responsibility for her past criminal behaviors as well." Indeed, Holloway told the PSI author she only pleaded guilty to the crimes "to get out of jail" and she did not feel the charges against her were "fair."

Upon our review, we find the district court did not abuse its discretion "on grounds or for reasons that were clearly untenable or unreasonable" in imposing Holloway's sentences. *Id.* at 724. We therefore affirm.

**AFFIRMED.**