# IN THE COURT OF APPEALS OF IOWA

No. 24-0369
Filed January 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES TROY JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, Judge.

        James Troy Johnson appeals the sentence imposed by the district court after pleading guilty to possession of a controlled substance, third or subsequent offense. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

James Troy Johnson appeals the sentence imposed by the district court after pleading guilty to possession of a controlled substance, third or subsequent offense. He contends the court abused its discretion when sentencing him by failing to consider alternative sentencing. Because we find no abuse of discretion, we affirm the sentence.

## I. *Background Facts and Proceedings.*

On October 11, 2023, the Clinton County Police Department arrested Johnson on an active warrant. While arresting him, the officers searched Johnson's pockets and discovered two pills of alprazolam, which is a controlled substance. *See* Iowa Code § 124.210(3)(a) (2023) (designating alprazolam as a schedule IV controlled substance). The State charged Johnson with possession of a controlled substance, third or subsequent offence. Johnson pled guilty to the charge. The court accepted his guilty plea and ordered a presentence investigation report (PSI).

At the sentencing hearing, the State requested the court follow the sentencing recommendation in the PSI, which recommended incarceration. In response, Johnson requested probation with a recommendation for treatment. The court sentenced Johnson to an indeterminate term of incarceration not to exceed fifteen years with a three-year mandatory minimum sentence. Johnson appeals.

## II. *Review.*

We generally review criminal sentences for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). The sentencing court has "broad

discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor" and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

### III. Sentencing Discretion.

The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" against the societal goals of sentencing. *Damme*, 944 N.W.2d at 106 (citation omitted). Johnson argues the district court abused its sentencing discretion by failing to consider probation as a sentencing option. But this is incorrect. The court expressly stated its reasoning for imposing prison rather than a suspended sentence:

> Here's the problem, Mr. Johnson. I put you on supervised probation under the belief that you were serious about taking steps to improve your life, to make yourself a productive member of this community, to take advantage of possible community treatment options, and you didn't do any of those things. Instead, you committed a new crime. So that's why we're here today. You've already had an opportunity at community-based corrections. You chose not to take advantage of that opportunity. So what you're saying today are words, same as what you said to me the last time I sentenced you. So it's time now. You've made the choice. You've walked the path right towards prison, so that's what's going to happen today.

While Johnson requested probation, the court's consideration of proper factors "will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Formaro*, 638 N.W.2d at 725. Rather, it reflects the discretionary nature of sentencing. *Id.* Johnson fails

to explain how the court "relie[d] on impermissible factors" when sentencing. *West Vangen*, 975 N.W.2d at 355. We therefore find no abuse of discretion and affirm his sentence.

### IV.    *Disposition.*

Because we find the district court did not abuse its discretion when sentencing Johnson, we affirm.

**AFFIRMED.**