# IN THE COURT OF APPEALS OF IOWA

No. 24-0487
Filed January 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EWAUN CONNOR GARDNER JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Elizabeth Dupuich,

Judge.


        A defendant appeals his sentences for conspiracy to commit a non-forcible

felony and fourth-degree theft.  **AFFIRMED**.


        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Ewaun Gardner Jr. appeals the sentences imposed after his guilty pleas to one felony—conspiracy to commit a non-forcible felony—and one serious misdemeanor—fourth-degree theft.  He argues that the district court should have granted a deferred judgment on each offense rather than imposing a suspended five-year prison sentence on the felony and time-served in jail on the misdemeanor.  But we see no abuse of discretion in the district court's sentencing decision.  And so, we affirm Gardner's sentences.

While Gardner was on pretrial supervision for another offense,[1] he stole a gun worth more than $300 and then tried to sell or transfer it.  He was nineteen at the time and had previously been convicted of one other misdemeanor—criminal mischief about a year before.  While he was originally charged with other more serious crimes that were dismissed as part of a plea deal, Gardner ultimately pleaded guilty to two offenses: (1) conspiracy to commit a non-forcible felony (trafficking in a stolen weapon), a class "D" felony in violation of Iowa Code sections 706.1(1) and 706.3(2) (2023); and (2) fourth-degree theft, a serious misdemeanor, in violation of Iowa Code sections 714.1 and 714.2(4).

Gardner asked the district court to impose a deferred judgment on both offenses.  The presentence investigation report recommended the same.  But the State urged the court to instead impose a suspended prison sentence.  At

---

[1] Gardner later pleaded guilty to interference with official acts with a dangerous weapon in that case.  And the day after sentencing in this case, the district court sentenced Gardner to three years of probation on that conviction.  Gardner's appeal of that sentence was retained by the supreme court and remains pending. *See State v. Gardner*, No. 24-0621 (Nov. 24, 2024).

sentencing, the court agreed with the State. On the felony conspiracy conviction, the court imposed a five-year suspended prison sentence, placed Gardner on three years of supervised probation, and suspended payment of a $1025 fine. On the misdemeanor theft conviction, the court sentenced Gardner to 165 days in the Johnson County Jail with credit for time served and ordered him to pay a $430 fine and any victim pecuniary damages. Gardner now appeals, arguing that the district court should have imposed a deferred judgment because of his age, limited criminal record, and the recommendation of the presentence investigation report.

We review a district court's discretionary sentencing decisions, including the exercise of its discretion whether to grant a deferred judgment, for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

The district court did not abuse its discretion here. Gardner does not point to any unreasonable or untenable grounds of the court's decision. Rather, he argues that the court should have weighed the sentencing factors differently to reach the conclusion that a deferred sentence was appropriate. *See* Iowa Code § 901.5; *Gordon*, 998 N.W.2d at 862. But the district court thoughtfully considered the factors on which Gardner relies:

In determining the appropriate sentencing disposition, I've considered the sentencing options available in this case in order to arrive at a sentence that would provide the maximum opportunity for rehabilitation and at the same time protect the community from further offenses by this Defendant and others.

In this case I have considered all of the relevant circumstances, including [that] the Defendant is 20 years old with a prior criminal record of criminal mischief in 2022. There is not a lot of verified history of employment. He does seem close to his family. He lives with his mother and four siblings. He reports suffering from ADHD, but no other major medical conditions.

The offenses in this case committed by the Defendant are serious. In the case ending 79, he committed a theft when he took possession of a firearm that did not belong to him which was worth over $300. In the case ending 24, he solicited another to commit the crime of transferring that stolen firearm. I've considered the need to protect the community through deterrence from future crimes by this Defendant or similar crimes by others.

And the court further explained its reasoning why a deferred judgment was inappropriate for Gardner:

Part of the reason that I am suspending the sentence and not granting the request for a deferred judgment is based on the State's recommendation, the seriousness of the offense, the fact that he was on pretrial supervision while he committed the offense, and also because I believe that the public has a right to know that this Defendant is a felon and have that warning, that it should not be expunged off his record based on his conduct.

Seeing no abuse of discretion in this exercise of the district court's sentencing judgment, we affirm Gardner's sentences.

**AFFIRMED.**