# IN THE COURT OF APPEALS OF IOWA

No. 24-1884
Filed August 6, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**KRISTINE DIANNE ECKHARDT,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, Judge.

A defendant appeals the sentence imposed for her theft conviction. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

Kristine Eckhardt was charged with third-degree theft after a store's surveillance cameras caught her stealing cosmetics and pet food. When Eckhardt stole these items, she was on probation for a prior theft. Under a plea agreement with the State, Eckhardt pled guilty to third-degree theft in exchange for the State's promise to not make a sentencing recommendation.[1]

The State remained silent at Eckhardt's sentencing hearing, while defense counsel asked the court for a suspended two-year sentence with probation. In support of that recommendation, counsel and Eckhardt highlighted several mitigating factors: Eckhardt stole "items that she needed to survive"; she is disabled and cannot "maintain any type of full-time employment"; and two disabled family members depend on her to take care of them. Counsel maintained that with this latest charge, Eckhardt "now sees . . . a state prison sentence as a realistic [possibility]." Eckhardt reiterated, "I got the message. Oh, my God, I got the message."

The district court was not convinced and imposed a term of incarceration not to exceed two years, to run concurrently to the probation violation. In its sentencing order, the court cited the plea agreement, the nature and circumstances of the offense, Eckhardt's criminal history, and the need "to provide the maximum protection of the community from further offenses by Defendant" as reasons for the prison sentence. The court elaborated on those reasons at the sentencing hearing:

---

[1] Eckhardt also stipulated that she violated her probation in the prior theft case, but that case is not before us on appeal.

I want to state the reasons for the record. [Eckhard had] theft convictions, as well as some drug-type convictions, in 2010; several in 2012; 2019; several in 2020; another one in 2022; and we have the one in 2023 that she was placed on probation. She was told she had a two-year sentence if she committed another crime, and, unfortunately, she did do exactly that, and that is why I'm sentencing her.

Eckhardt appeals her sentence,[2] claiming the district court "abused its discretion in failing to consider all available sentencing options before imposing a prison sentence." *See Damme*, 944 N.W.2d at 103 ("We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure." (cleaned up)). She argues that the court failed to "show a meaningful review of sentencing alternatives" because it did not "clearly reflect any further consideration of the possibility of probation *with special terms and conditions as the court would deem appropriate*." (Emphasis in original.)

The district court must consider the sentencing options in Iowa Code section 901.5, including the option to suspend a sentence. *See State v. Rasmussen*, 7 N.W.3d 357, 364 (Iowa 2024). After considering the available options, the court determines which option "is authorized by law for the offense," and "which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5; *see also id.* § 907.3. "While the district court is required to demonstrate its exercise of discretion by stating on the record the reasons for

---

[2] Because Eckhardt received a sentence "that was neither mandatory nor agreed to as part of her plea bargain," she has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2023). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

imposing a particular sentence, it 'is generally not required to give its reasons for rejecting particular sentencing options.'" *State v. Smith*, 17 N.W.3d 355, 359 (Iowa 2025) (citation omitted).

Even so, the record shows that the court did consider probation as a possible sentencing option:

> My concern . . . is that you've already been placed on probation, already had two years suspended, conditioned on you not stealing anything anymore, and the thefts have been almost yearly between 2010 and 2023, and here we are in 2024. Yet another theft third. So—and we've tried probation for you, and if it's had any effect, it's been a short-term effect. You've even tried short-term jail sentences here and there. I think around 2019, at least, and maybe before that, you did some jail time on some thefts. It didn't stop you. So you're on probation with a probation officer. You know you're facing two years in prison, and now [defense counsel is] asking me to give you another probation, and that didn't work.

Although Eckhardt thinks that she deserved a more lenient sentence, "it is equally clear under our standard of review that the district court was justified in imposing incarceration." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "Given the strong presumption afforded a sentence within the applicable range," as this one was, "we require the defendant to provide a record showing that the court abused its discretion." *Smith*, 17 N.W.3d at 359 (cleaned up). Eckhardt failed to do so. We accordingly affirm her sentence.

**AFFIRMED.**