# IN THE COURT OF APPEALS OF IOWA

No. 24-1805
Filed September 17, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JEREMY ELTON BATISTE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Brendan Greiner, Judge.

A defendant appeals his sentence for domestic-abuse assault causing bodily injury. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**LANGHOLZ, Judge.**

While wearing a mask, Jeremy Batiste rushed at his ex-girlfriend as she was dropping her son off at school, pulled her out of the car, threw her on the ground, and drove off in the car. A jury convicted Batiste of domestic-abuse assault causing bodily injury in violation of Iowa Code sections 708.1(2)(a) and 708.2A(2)(b) (2024). And at sentencing, the district court considered Batiste's criminal history—including his guilty plea to interference with official acts and possession of marijuana, first offense, and his failure to appear for sentencing on those charges just a month before committing this offense. Batiste appeals his suspended one-year jail sentence, arguing that the court improperly considered unproven criminal conduct. But Batiste's counsel admitted at sentencing that Batiste pleaded guilty and failed to appear for sentencing. So the court could properly consider that conduct. We thus affirm Batiste's sentence.

I.

There was much discussion of the conduct that Batiste now argues should not have been considered during the sentencing hearing. Batiste's counsel brought it up first. In arguing for a sentence of only the 155 days he had served in the Polk County jail, he contended that the court should not consider what he described as "a pending matter up in Plymouth County." He also clarified that the offenses were unrelated to this case, saying they were "for an interference with official acts that involved a firearm" and "a possession of a controlled substance, marijuana, first." And the court initially agreed with Batiste, responding "I'm not going to consider a pending matter for which he does not have a conviction."

But the State urged otherwise. It argued for a one-year jail sentence without any credit for time served "in part, because he committed this offense while an outstanding warrant was active for his arrest for failing to appear for charges that he pled guilty to, in Plymouth County." The State cited precedent that the court could consider criminal conduct "when the defendant admits guilt to a crime" and highlighted that Batiste had signed a written guilty plea and "[t]he only reason he hasn't been sentenced on it is because he failed to appear for sentencing, and he committed this domestic while he was in warrant status for that offense."

When pressed "what exactly" the State wanted the court to consider, the prosecutor summed up, "I'm asking the Court to consider that, he has pled guilty to the offenses of interference with official acts while armed with a firearm [and] possession of a controlled substance, first offense, possession of marijuana. I'm also asking this Court to consider the fact that he failed to appear for sentencing, and that there was an active warrant out for his arrest at the time he committed this offense." The court then engaged in this exchange with Batiste's counsel:

> THE COURT: [Counsel], do you agree that your client pled guilty to interference with official acts, Class D Felony, and possession of marijuana first offense, a serious misdemeanor, and do you agree that the Court could take into consideration the fact that your client pled guilty to those charges?
> DEFENSE COUNSEL: I will take [the prosecutor] at his word, that there is case law supporting that, but I'd also ask the Court to consider, then, that I believe the plea agreement called for Mr. Batiste to receive a deferred judgment for that conviction.
> THE COURT: And that may not be applicable anymore if he failed to appear for sentencing, and it appears that the, from my review of the file, that the sentencing hearing was scheduled for April of 2024, and this crime took place in May of 2024, that there was a warrant out for your client's arrest at the time that this offense occurred. Fair?
> DEFENSE COUNSEL: That's correct, Your Honor.

After the State responded that the written plea agreement provided that the parties did not have a joint sentencing recommendation and it was an open plea, Batiste's counsel clarified, "Sorry, Your Honor, I guess it was Mr. Batiste's understanding that his attorney up in Plymouth County was going to be requesting a deferred judgment."

The court next asked the State to summarize Batiste's criminal history, which it did—including the offenses to which he pleaded guilty but had not yet been sentenced. And the court asked Batiste's counsel whether he had "[a]ny reason to dispute that criminal history." Again, Batiste's counsel agreed it was accurate.

The court then imposed a suspended one-year jail sentence and placed Batiste on probation for one year. As part of the court's thoughtful explanation of the reasons for its sentence, it mentioned that it considered Batiste's "criminal history" and reasoned that Batiste doesn't "have a significant criminal history, albeit, you've pled guilty to a felony offense in another county, and this offense occurred while you were in warrant status in that county." Batiste now appeals.

II.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Even so, a district court "cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). Relying on an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *Id.* at 618 (cleaned up). But a defendant has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

"When a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *Schooley*, 13 N.W.3d at 618 (cleaned up). A district court may properly consider criminal conduct admitted on the record at sentencing by defense counsel and left uncorrected by the defendant. *See State v. Fetner*, 959 N.W.2d 129, 135–36 (Iowa 2021). This is because "counsel's statements on the record at sentencing are akin to a professional statement," which has "the effect of an affidavit." *Id.* at 135 (cleaned up).

Batiste argues that this conduct was unproven because the court did not hear directly from Batiste that he pleaded guilty and did not formally take judicial notice of the court file with his written guilty plea. But Batiste's counsel repeatedly agreed that Batiste pleaded guilty to the interference with official acts and possession of marijuana. And he agreed that Batiste failed to appear for the sentencing on those charges and still had a warrant out for that failure when he committed this offense. Batiste was present at the hearing while his counsel made

these statements and did not ask his attorney to correct or clarify any of those statements, thus acquiescing in the admissions. The court was thus entitled to rely on the attorney's statements as sufficient evidence to establish that Batiste pleaded guilty and failed to appear. *See id.* at 135–36. And of course, the guilty plea itself is an admission by Batiste that he engaged in the criminal conduct underlying those offenses.

Bottom line, the district court did not consider unproven criminal conduct. We thus affirm Batiste's sentence.

**AFFIRMED.**