# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0328
Filed January 7, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Trel Curtis Peterson,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable David M. Porter, Judge.

---

**AFFIRMED**

---

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, attorneys for appellee.

---

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Trel Peterson appeals the district court's sentencing decision following Peterson's guilty plea to two counts of theft in the second degree. Peterson argues the district court abused its discretion by declining his request for probation without consideration of mitigating factors at sentencing. Finding no abuse of discretion, we affirm the district court's sentencing order.

## BACKGROUND FACTS AND PROCEEDINGS.

In April 2024, police arrested Peterson for the suspected theft of a trailer and a Cadillac. The State charged Peterson with two counts of theft in the first degree, each enhanced due to Peterson's habitual offender status. Peterson pleaded guilty to two lesser included counts of theft in the second degree. The parties agreed to jointly recommend the sentences be ordered consecutively, allowing parties to argue for prison time or probation at sentencing.

At the sentencing hearing, Peterson stated that he had committed the thefts due to his long-term methamphetamine addiction. He stated that he was pursuing treatment, he was feeling confident he would be able to stay engaged with treatment, and that he wanted to stay sober. The district court declined to offer probation due, in part, to Peterson's prior criminal history. The district court ordered a thirty-year indeterminate term with at least six years before Peterson would be eligible for parole. This appeal follows.

## STANDARD OF REVIEW.

We review a district court's sentencing decision for abuse of discretion. *State v. Rasmussen*, 7 N.W.3d 357, 363 (Iowa 2024). There is a

strong presumption that a defendant's sentence is valid when it is within the statutory limit. *Id.*

## ANALYSIS.

Peterson contends that the district court abused its discretion by declining to suspend his term of imprisonment in favor of probation. He argues the abuse stems from a failure to consider mitigating factors such as his acceptance of responsibility, desire for rehabilitation, and recent engagement in treatment. In support of his argument, Peterson contends he got "himself clean and sober" in the two months prior to his sentencing. He also asserts that he had a full-time job, was attending Narcotics Anonymous meetings, had shared custody of his eighteen-year-old son, and did not fail to report to probation leading up to sentencing.

We are not persuaded by Peterson's argument. When issuing a sentencing decision, "[t]he court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g) (2024). This requirement is intended "to make a defendant aware of the consequences of the defendant's actions and to give an appellate court the ability to review the discretion exercised by the district court." *State v. Phillips*, 996 N.W.2d 419, 421 (Iowa Ct. App. 2023). The district court must determine which legally authorized sentence best achieves the dual goals of rehabilitation for the defendant and protection of the community. *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022). Habitual offenders shall not to be confined for more than fifteen years. Iowa Code § 902.9(1)(c) (2023). Habitual offenders are not eligible for parole until they have served the minimum sentence of three years. *Id.* § 902.8. "Our task on appeal is not to second-guess the sentencing court's decision." *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). Instead, we are

to determine whether its decision was "unreasonable or based on untenable grounds." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

At the hearing, the district court explained why it declined to offer probation:

> So, Mr. Peterson, what I'm getting at is this. It appears as though the only time that you walk the straight and narrow is when you're under supervision. Okay? Because when you were under supervision and you were paroled on October 21st, 2022, you did the treatment. All right? You did what was asked of you. But then when you were a free man for those two and a half months, you didn't. . . . You began using methamphetamine, and then you were engaged in the eluding on January 2nd, 2023. And so what I'm getting at is the only time it appears as though you walk the straight and narrow is when someone's watching you intently.

The district court did specifically address several mitigating factors raised by Peterson at the sentencing hearing. When addressing Peterson, the district court stated "I've considered your age, *your substance abuse history*, the nature of the offenses you committed, the plea agreement, the statutory requirements, and most importantly for you, Mr. Peterson, I've considered your record of convictions." (Emphasis added.)

In addition to considering other appropriate factors, the district court specifically articulated that it did consider Peterson's substance-use history. Notably, his ability to stay sober while under supervision, as well as his inability to stay sober while not under supervision. Peterson's argument, essentially, is that he did not get the result he wanted from the district court at sentencing and feels as though more weight should have been given to his recent efforts to get sober. The district court did not abuse its discretion by declining to offer Peterson probation rather than sentencing him to prison.

## CONCLUSION.

We think the district court did adequately consider mitigating factors and articulated its reasoning for denying probation. The district court cited Peterson's criminal history and subsequent prior opportunities to stay on the "straight and narrow," yet failing to do so while off supervision in the past. The district court did not abuse its discretion.

**AFFIRMED.**